Kent, J.
delivered the opinion of the court. The . insolvent act of the 21st of March, 1788, in pursuance of which the defendant obtained the discharge which he now sets up imbar of the plaintiff’s right of action, extends the dischargejp such debts,,and' to such debts only; as are due at the time of the assignment of the insolvent’s estate, and to.debts contracted before that time, though payable afterwards. Such debts must be specific and certain sums of money, to which the creditor can make oath as being justly due, or to become due at some specified time; and unless the creditor at the time of the assignment, be able to produce and verify such a *85 debt, he will not be entitled to receive from the assignees his dividend of the insolvent’s effects, nor will he be barred from his future action against the insolvent. So that, although 1 the plaintiff in the present suit was, as I take for granted, on non-payment of the note by the defendant, duly fixed as endorser, prior to the defendant’s discharge, yet until he had actually paid the holder of the note and taken it up, he could not be said to have a certain and ascertained debt due to him from the defendant. His demand upon the defendant depended upon the defendant’s final non-payment of the note, and his payment of it for him. He stood, in respect to the defendant, in the relation of a surety only, and what portion of the note if any, short of the whole sum, the defendant himself might be able to pay to the holder, was a matter altogether uncertain. The plaintiff, therefore, until he paid the 3000 dollars and took up the note, had not any specific and certain debt due to him from the defendant; and as this debt which is now demanded accrued subsequent to the defendant’s discharge, and in consequence of an actual payment by the plaintiff, the plaintiff was not entitled to claim his debt from the assignees of the defendant, and consequently, the discharge of the defendant cannot be a bar to a recovery in the present suit.(a)
* This construction of the operation of our insolvent [*75] act, is the same with that of the English bankrupt laws, in like cases. The statute of 4 and 5 Anne, c. 17, which was continued by the statute 5 Geo. II. c. 30, s. 7, ex *86 tends the discharge of the bankrupt to all debts by him due and'owing, at the time he became a bankrupt; and the statute of 7 Geo. I. c. 31, extends it to debts contracted before the bankruptcy; though payable after. These statutes, in this respect, are to the same effect, ánd almost precisely in the same words with our act of insolvency, when it declares the force .and extent of the insolvent’s discharge. By the English decisions Upon these statutes, it has been frequently determined, and seems to be a rule permanently settled, that, if the creditor, at the time of the bankruptcy, had not a certain debt due to which he could attest by Oath, and which he could bring in under the commission.of bankruptcy, he is not-bound by the bankrupt’s discharge. (3 Wils; 14, 269,271, 347, 530; 6 "Term, 489 ; 1 H. Black. 640.) And in like - manner, that a surety, although he be liable before, yet if he does not actually pay the debt until after the act of bankruptcy "committed, he cannot then prove it under the-commission, but .must resort to the bankrupt. (2 Wm. Black. 794-; 3 Wils. 347 ; Cowp. 526 ; 1 Term, 599.)
It has been objected, .and with some plausibility, to this doctrine,-that if a debt be due at the time of the assignment to any one who might have proved it, it must be done away by the discharge, for .that the insolvent is discharged from ' all his then debts to whomsoever they may belong, and that if when discharged from the action of one creditor, .he were to remain liable at the suit of another for the same debt, 'it would be no discharge at all. These objections were raised. -and overruled in the cases of Taylor v. Mills & Magnell, (Cowp. 525,) and of Brooks v. Rogers; (1. H. Black. 640; see also 1 Saund. 241, note 5;) and this answer appears to me to be plain and sufficient, that where a plaintiff, cannot ■ prove a debt until he has actually paid the monéy, "and the - payment he of the proper debt of the insolvent, and" .after the assignment of his estate, the cause of action in such case . . arises after the insolvency, although' upon a prg-ex[76*].. istent. ground;' *and as he cannot' exhibit his -debt to the assignees, because "there was lio sum due, and •to which he could attest when the assignment was made, it *87 is highly, nay, indispensably just, that he should resort to the insolvent himself.
The court are, therefore of opinion, that judgment must be rendered for the plaintiff.
Judgment for the plaintiff.(a)

 The same question was raised and decided upon the authority of the principal case in Ford v. Andrews, 9 Wend. 312. By the Revised Statutes of New York, vol. 2, p. 22, § 31, the discharge is to exonerate the insolvent from all liabilities incurred by drawing or endorsing a promissory note or bill of exchange, or in consequence of the payment of the money by any party to such instrument, whether the payment be prior or subsequent to the assignment of the insolvent’s estate-. But this section of the statute applies only to contracts, made subsequently to its going into operation. Ford v. Andrews, ut supra. The act of 1819, (p. 118, § 11,) however had gone so far in changing the law as pronounced according to the construction of the previous statutes as to exonerate by the discharge the endorser of a promissory note, though the note had not become due at the time of the discharge, and permitted the holder to come in for a dividend in the same manner as if the bill was due.

 See 4 Term, 714. Howis v. Wiggins. Cullen’s B. L. 93, note (36) Co. B. L. 164. Ex. parte Brymer. Cowley v. Dunlap, 7 Term, 865, and the opinion of Lord Kenyon in that case.