CONE *against* WHITAKER.

Where a plaintiff in a cause was nonsuited in 1799, and a judgment of nonsuit entered in January term, 1800, and the plaintiff obtained his discharge under the insolvent act in November, 1800, and the costs of the nonsuit were *taxed*, after the discharge, it was held that the costs were not a debt until *taxation*, and the plaintiff was not therefore discharged from the costs.

THE defendant was nonsuited in a cause, at the October circuit, 1799, and a judgment of nonsuit was entered, in Ja-

(*a*) 3 Johns. Rep. 139, 142, 250. See Kelly on Usury, ed. 1835, p. 82; Ord on Usury, ed. 1809, p. 95.

nuary term, 1800, against him as plaintiff. A motion was made, on a case stated, in October term, 1800, to set aside the nonsuit, which was denied. On the 24th Novem-[*281] ber, 1800, Whitaker was discharged, *under the insolvent act, the 14th November, 1800. He was taken afterwards on a *ca. sa.* at the suit of Cone, for the costs of the suit, in which the nonsuit was entered, and which were taxed subsequent to the prisoner's discharge. Whitaker is a nonresident ; and if these costs had been added to his debts there would not have been three-fourths of his creditors in amount, to his petition, at the time of his discharge.

*Spencer*, for the defendant, now moved for his discharge from the execution.

*Per Curiam.* The costs in this case were not taxed at the time of the defendant's discharge ; and being uncertain and unliquidated, they could not be included in his inventory of debts; nor could the present plaintiff recover them until taxed. They cannot, therefore, be affected by his discharge ; and the plaintiff, on the principle laid down in *Frost* v. *Carter*,(a) must be paid. The motion is denied.

Motion denied.(b)

(a) [Old note.] 1 Johns. Cas. 73. The decision in the above case, seems to have been grounded on the rule'laid down, by Lord Chancellor Thurlow, in the case *Ex parte Sneaps*, March 4th, 1782, cited in Cooke's Bankrupt Law, (p. 241, 3d ed. c. 6, s. 13,) in which the Chancellor said it was clear, that, in all instances, in the court of chancery, the *taxation* constitutes the demand ; and as the *taxation* was subsequent·to the bankruptcy, the debt was subsequent, and could not·be discharged. (See also 3 Wils. 270, 272.) But there are other cases in which the costs are carried back, by relation, to the verdict or judgment. (*Aylett* v. *Harford*, 2 H. Bl. Rep. 317. Cooke's B. L. c. 6, s. 10. *Lewis* v. *Piercy*, 1 H. Bl. 29.) In the case of *Hurst* v. *Mead*, (5 Term Rep. 365,) it was decided, that if the plaintiff becomes a bankrupt, after he is nonsuited, and before.the taxation of costs, the costs of the nonsuit are a debt proveable under the commission. (See also *Philips* v. *Brown*, 6 Term Rep. 282, and *Watts* v. *Hurt*, 1 Bos. & Pul. 134.) In *Willett* v. *Pringle*, (5 Bos. & Pull. 190, or 2 Bos. & Pull. N. S.) the court decided, that the costs followed the debt, and that if a bankrupt be sued after his commission, and he afterwards obtain his certificate, he shall be discharged

(b) See contra, *Thomas* v. *Striker, infra*, vol. 3, p. 90, *Warne* y. *Constant*, 5 Johns. R. 335.

from the costs as well as the debt. But it is observable, that Lord Eldon, in *Ex parte Hill*, 1801, (cited in a note to *Willett* v. *Pringle*,) after going through all the authorities, which he examines very critically, decided, that the costs of an action, where the verdict was after the commission, could not be proved, though the debt was proveable. It would seem to follow, that, in his opinion, the bankrupt could not be discharged from the costs which had been taxed, on the verdict obtained prior to the commission. The rule appears, therefore, to be different in the courts of common law, and in chancery. (See Cullen's Bank. Laws, 104, 106, 133, c. 3. s. 2.)