NEWYORK, May, 1812.

STRONG v. WHITE.

*P. W. Radcliff*, contra, objected that in a real action it was not necessary to appoint a guardian, and that the proceedings were regular.

Motion granted.

---

## STRONG *against* WHITE.

THE defendant was charged in execution, at the suit of the plaintiff, for 635 dollars and 97 cents, damages and costs, recovered in an action for a *libel*. He afterwards obtained a discharge under the insolvent act, and he was now brought up on a *habeas corpus*, in order to be discharged from his imprisonment in this suit also.

The act relative to insolvent debtors and their creditors, passed the 3d *April*, 1811, (sess. 34. c. 132.) does not extend to actions for libels or torts.

*Hammond* and *Colden*, for the defendant.

*J. Strong*, contra.

*Per Curiam.* The act (sess. 34. c. 123. 3d *April*, 1811,) does not extend to imprisonment for *torts*. It declares that "any insolvent debtor, who is or shall be imprisoned on any civil process, out of any court, &c. or who is or shall be prosecuted in any such court, for *debt*, or *on contract, express or implied*, might present his petition for a discharge," &c. An action for a libel is not for a debt, or on a contract, express or implied, within the meaning of the act. The motion must be denied, and the prisoner remanded.

Motion denied.