NEW-YORK,
October, .818.

MECHANICS' &
FARMERS'BANK
v.
CAPRON.

</div>

------------==**==------------

## THE PRESIDENT, &c. of the MECHANICS' and FARMERS' BANK, in the city of ALBANY, *against* CAPRON.

   THIS was an action of *assumpsit* on a promissory note
drawn by *J. J. Lansing & H. Lansing*, dated the 27th of
*October*, 1813, for 400 dollars, with interest, payable to the
defendant, four years after date, and endorsed by him.    The
cause was tried at the *Albany* circuit, in *April*, 1818.

<div align="right">

The endorser
of a promissory
note, who, af-
ter his endorse-
ment, and be-
fore the note
becomes paya-
ble, obtains his
discharge as
an insolvent, is
not protected

</div>

from payment of the note; the endorsement not creating a certain debt, but merely a liability contin-
gent on the non-payment of the note by the maker, and which liability could not become fixed until
after the discharge.
   Nor does it vary the case that the note was given by the endorser as collateral security for the
payment of a debt due the holder, which was barred by the discharge.

NEW-YORK,
October, 1818.

MECHANICS' &
FARMERS'BANK
v.
CAPRON.

The signature of the makers and endorser, demand of payment, and notice to the endorser and protest for non-payment on the 30th of *October*, 1817, were proved. The defendant gave in evidence his discharge, as an insolvent, granted by the recorder of *Albany*, on the 6th of *May*, 1817. The defendant also proved that the note had been left by him with the plaintiffs, as collateral security for the payment of two other notes, drawn by the defendant in favour of *J. Russel*, and endorsed by *Russel*, which had been discounted by the plaintiffs, for the benefit of the defendant, and that it had been so left before those notes became payable. One of the notes was for 750 dollars, payable in *July*, 1816, and the other for 370 dollars, payable in *September*, 1816. Neither of them were paid, and they still continued in the possession of the plaintiffs. *J. J. Lansing*, one of the makers of the note in question, obtained a discharge under the insolvent act, on the 18th of *February*, 1818.

A verdict was taken for the plaintiffs, subject to the opinion of the court; and it was agreed, that if the court should be of opinion that the plaintiffs were entitled to recover, then judgment should be entered for the plaintiffs for 872 dollars and 83 cents, being the amount of the note, with interest; otherwise, that judgment should be entered for the defendant. The case was submitted without argument.

*Per Curiam.* The only question in this case is, whether the defendant's discharge under the insolvent act, exonerates him from his liability as endorser of the note on which this suit is brought. The note was drawn by *J. J. & H Lansing* dated the 27th of *October*, 1813, and payable four years after date. It fell due, and was protested, on the 30th of *October*, 1817, and the defendant was discharged under the insolvent act on the 6th of *May*, 1817.

In the case of *Frost* v. *Carter*, (1 *Johns. Cas.* 73.) it was held, that a discharge under the insolvent act extended only to such debts as were due at the time of the assignment of the insolvent's estate, and to debts contracted for before that time, though payable afterwards. The same principle has been repeatedly recognized in subsequent cases; and it seems to be a general and well-settled rule, that if the creditor, at the time of

the assignment by the insolvent debtor, has not a certain debt due or owing to which he can attest by oath, so as to entitle him to a dividend of the insolvent's effects, he will not be barred by the discharge. In the case before us, the defendant, at the time of his discharge, was not liable as endorser, and his eventual responsibility was altogether contingent. The circumstance, that this note was left as collateral security for other notes which had become due at the time of the assignment, does not prevent the application of this principle. It was analagous to personal security, where no liability existed at the time of the discharge.(*a*) Every thing upon which the defendant's liability rested, occurred after his discharge. There was no debt existing against the defendant on this endorsement, upon which the plaintiffs could have claimed a dividend. The claim on him was conditional, until the demand was made on the drawers. The plaintiffs are, accordingly, entitled to judgment for 872 dollars and 83 cents, according to the stipulation in the case.

<div align="center">Judgment for the plaintiffs.</div>

(*a*) So, if a surety, or the defendant's bail, pays the debt after his discharge, it is no bar; for until payment by the surety, no debt accrues in his favour against the principal. (*Buel* v. *Gordon*, 6 *Johns. Rep.* 126. *Page* v. *Bussel*, 2 *Maule & Selw.* 551. *Welsh* v. *Welsh and another*, 4 *Maule & Selw.* 333.) So, if the endorser of a note pay it after the discharge of the maker, he may, notwithstanding, recover from the maker. (*Frost* v. *Carter*, 1 *Johns. Cas.* 73. S. C. 2 *Caines' Cas. in Error*, 310. *Macdonald* v. *Bovington*, 4 *Term Rep.* 825. And see *Mayor* v. *Steward*, *Burr. Rep.* 2439. *Lucas* v. *Winton*, 2 *Campb.* 443.)