Spencer, Ch. J.,
delivered the opinion of the court. The question here turns on the effect of the defendant’s discharge. *47 If the mortgage money was due at the time of the defendant’s discharge, though payable at a future day, the case would come within the provisions of the insolvent act, and the defendant would be protected by it. By the. terms of the mortgage, the principal was payable at any time after the first Tuesday of May, 1815, when demanded by the plaintiffs ; it was, therefore, a debt at the time of the application, by a creditor of the defendant, to the recorder of Albany, in February, 1817, under the 9th section of the insolvent act, although payment may not have been demanded at that time. This case, therefore, does not come within the principle decided in Frost v. Carter, (1 Johns. Cas. 73.) or the Mechanics'’ & Farmers’ Bank v. Capron, (15 Johns. Rep. 467.) In those cases, the debts were not due ; nor had they accrued to the plaintiffs, at the time of the discharge under the insolvent act; the defendants owed no debt to the plaintiffs at the time of their discharge, and #their eventual responsibility was altogether contingent. In the present case, the defendant stood indebted, and was liable to be sued long before his discharge. The only contingency in the case related solely to the amount for which the mortgaged premises should sell; and, independently of the mortgage operating on the land, the defendant stood personally responsible on his covenants. I do not perceive that this case differs from any other case of a debt secured by mortgage ; the mortgagee may hold to his lien ; but if he resorts to the person, and if the debt be due at the time of the discharge, though payable afterwards, the debtor is absolved by the discharge.
This debt was, in effect, due to the county of Albany; for, if any deficiency happens on a sale of the mortgaged premises, it is to be assessed and levied on the county where the deficiency happens, as other county charges. The plea, then, being good, and operating as a bar to the suit, the matters set forth in the replication do not present a state of facts impugning the discharge, and the defendant must have judgment, (a)
Judgment for the defendant.

 See 16 Johns. Rep. 254, note.