### HODGES vs. CHACE.

*An insolvent discharge after a verdict and before judgment in an action of trespass, does not protect a defendant from imprisonment.*

MOTION that judgment be specially entered so as to exempt the body of the defendant from execution. In the last vacation, the plaintiff obtained a verdict against the defendant in an action of *trespass*. After the verdict, but before the entry of a judgment on the same, the defendant obtained an insolvent discharge, exempting his body from imprisonment for or by reason of any *debt* due on the 11th February, 1829, or contracted for before that time, though payable afterwards.

*By the Court,* MARCY, J. The verdict in this case was not a *debt* at the time of the granting of the discharge, which therefore does not protect the defendant.

Motion denied, with costs.

---

### ONTARIO BANK vs. FEETER.

*Previous to the parties having come to an issue on all the pleadings interposed, a cause cannot be noticed for argument, though an issue of law is joined on one of the pleadings.*

IN this cause, a demurrer having been interposed to one of the pleadings to which there was a joinder, the cause was noticed for argument previous to the parties having come to an issue on *all* the pleadings, in the cause. A motion was made to strike the cause from the calendar on that account, which was granted.