ALBANY,
Feb. 1829.

Bowen
v.
Clarke.

### BOWEN vs. CLARKE.

MOTION to set aside an inquest taken at the circuit. The cause was noticed for trial on the fifteenth, for the circuit in Oswego on the twenty-third day of December last. The notice was served by leaving the same in the office of the defenant's attorney *after half past ten o'clock* in the night of the fifteenth, when the defendant's attorney left his office, and the service of the notice did not come to his knowledge until the *sixteenth*, when he was informed by the plaintiff's attorney that the notice had been served. The attornies for both parties reside in the village of Oswego. The service of the notice was in good faith. The attorney for the plaintiff having directed his clerk to notice the cause on the fifteenth, left home, and on his return on the evening of the same day, learning on inquiry that the notice was not served, caused it to be served at that late hour. The defendant did not appear at the circuit, and the plaintiff took an inquest, which was now moved to be set aside.

A notice of trial served on the last day of noticing, after half past ten P. M., which did not come to the knowledge of the attorney until the next day, held insufficient.

*By the Court*, MARCY, J. The practice of the court does not recognize any particular office hours for the service of papers. A notice as late as ten o'clock at night has been holden to be a good service, where it was served on a clerk in the office, (8 *Johns. R.* 360,) and would probably be holden to be good even at a later hour, if *personally* served on the attorney. In this case, the notice came not to the knowledge of the attorney until the next day, although he was in his office to a late hour. It was therefore insufficient, and the inquest must be set aside. As, however, the notice was served eight days before the trial, and no rule has heretofore been established on the subject, the costs of the inquest and of this motion must abide the event of the suit.