## MILLER vs. STOCKING.

On serving replications the plaintiff may deliver a notice of trial, but the proceeding is subject to be defeated or modified by the subsequent delivery of a *bona fide* demurrer and the decision thereon. If after the notice and before the trial, the defendant demur to some of the replications and issues of fact be joined on others of the pleas, the plaintiff may proceed and take a verdict, notwithstanding he has not joined in demurrer; but he holds the verdict dependent upon the event of the demurrer.

Under peculiar circumstances, a notice of trial may be served as late as *eleven* o'clock, P. M.

J. A. SPENCER for the defendant, moved to set aside an inquest taken at the Oneida circuit which commenced on the 20th day of April last.

He read affidavits showing that the action was assumpsit; that the declaration contained several counts for lands, &c. sold and the common counts; that the defendant's attorney on the 6th of April caused to be served on the plaintiff's attorney the general issue and four special pleas; and that on the evening of the same day, the plaintiff's attorney caused replications to be served on the defendant's attorney, and a notice of trial with replications to the special pleas tending an issue to the country. The service was made by delivering the papers to a clerk of the defendant's attorney, at 11 o'clock at night, after he had retired to bed in a room adjoining the office of the defendant's attorney. On the morning of the 20th, the plaintiff's attorney caused special demurrers to three of the replications to be served on the plaintiff's attorney; who proceeded notwithstanding, and took an inquest against the defendant, without first joining in demurrer. The replications demurred to were to the three last pleas. The third plea was to the whole declaration; the two last to only part of the counts. The first and second pleas were to the whole declaration, and on these issues of fact were joined.

R. W. Peckham, contra, read affidavits, that the *pleas* were served about half past 8 o'clock P. M. of the 6th day

of *April*, that being the last day of noticing for trial; and that the *replications* and notice of trial were, as soon as practicable, though late in the evening, served by delivering copies to a clerk of the defendant's attorney then in the office.    The affidavits also tended to show that the defendant's attorney and one of his clerks had managed to serve the copies of the pleas late in the day.    The clerk had closed the office, fastening the door, and retired to bed earlier than usual, in order to prevent the service of the copies of the replications and notice of trial on him in the course of the same day, but the door being accidentally opened by another clerk, who was in the office with a light, the messenger who made service, was enabled to enter the office without violence, offering the papers first to the latter clerk; but on his denying himself to be a clerk, delivering them to the other who was in bed.

The affidavits tended to show also that the defendant's attorney had taken measures to avoid a personal service on himself in the course of the evening.    They also tended to show that the special pleas, the replications to which had been demurred to, were false, and a motion was made on that ground to strike them out : which was denied on the production of the defendant's affidavit's that he believed them to be true.

It was farther insisted in answer to the present motion, that the demurrers were frivolous, and interposed merely to delay a trial ; and that, at all events, the plaintiff had a right to assess contingent damages under his notice of trial, at the same time that he tried the issues of fact which remained clear of the demurrers.

*Spencer*, in reply, insisted that the demurrers were not frivolous ; and that *contingent damages* could not be assessed, until after joinders in demurrer.

*By the Court*, Cowen, J.    Whatever may be said as to the frivolity of the demurrers to the replications to the third and fourth pleas, there is at least colour for the demurrer to the last replication.    I am inclined to think that, notwithstanding the lateness of the hour at which the notice of tri-

Miller v. Stocking.

al was presented to the clerks, the service was, under the special circumstances of the case, sufficient. *Cooper* v. *Carr.* 8 *Johns. R.* 360. The office was open, the clerks were there; and the attorney himself in expectation that notice would come. Its service was, I think, quite equivalent to that in the case cited, which was at 10 in the evening on a clerk. In *Bowen* v. *Clarke*, 2 *Wendell*, 249, the service was neither on the attorney nor his clerk; so that it could not possibly reach the attorney till too late.

Then were the pleadings in a proper stage for a contingent assessment? It is the settled practice to serve notice of trial with replications taking issue, as was done here, though that notice is always subject to defeasance or qualification by a *bona fide* demurrer within twenty days. *Shultys* v. *Owens*, 14 *Johns. R.* 345. The question here is, to what extent such a demurrer shall operate? *Hawley* v. *Hanchet*, 1 *Cowen*, 152, held, on two issues of facts, tendered by two replications to two several pleas, that the plaintiff could not maintain a verdict taken on both the several issues of fact in the cause. The course there was—issues of fact by two replications, a trial on both, and then a demurrer served to one of the replications within twenty days after that had been served. The demurrer was held to supersede the verdict, which was set aside as to all the issues. The point was not raised whether the verdict could stand generally on the undisturbed issue, and as a contingent verdict on the other. Such a course would hardly have been desirable to the plaintiff after the strong intimation there given by the court, against the form of the second replication. Beside, the verdict was taken before the demurrer came. In the nature of things, such a verdict must have been without any express qualification; and was assumed to be absolute. In the case at bar, the plaintiff proceeded on an absolute notice, to be sure, but after that had been qualified by demurrers addressed to three of the issues; and the right of the plaintiff to proceed as he did, can hardly be denied, provided he had immediately joined in demurrer. Issues of fact and demurrers in the same cause at whatever stage, or in whatever department or line of pleading, make a case for

trial and verdict in respect to the whole cause, subject to be subverted or modified accordingly as the result may be favorable or adverse to the plaintiff on the subsequent decision of the demurrers. *Wright* v. *Williams*, 2 *Wendell*, 632, 636. 2 *Suund. R.* 300, *note* (3.) *Booth* v. *Smith*, 5 *Wendell*, 107, 108.

But it is strenuously insisted that a trial cannot be had till all the issues are closed. Why not ? The issues of fact give title to the *venire ;* and the entire verdict must abide the event of the demurrer. What possible difference can it make whether the condition be formed by a simple demurrer, or that be followed by an issue of law ? In the first case, the plaintiff afterwards joins ; in the latter, before ; but in either, he makes his election by the trial to abide the event of the demurrer. It is impossible to say, from the report of *Ontario Bank* v. *Feeter*, 2 *Wendell*, 248, whether the issues not closed, were those of law or fact. But be that as it may, the motion there was to strike the cause from the argument calendar. An argument and decision could not with propriety be entertained till it was seen whether all the lines of pleading would come to issues of law.

The form in which the notice may be given and the verdict taken is entirely immaterial, especially, when, as here, there are issues of fact remaining, which go to the whole declaration. *Bates* v. *Green*, 19 *Wendell*, 630. The verdict is necessarily dependent on the event of the demurrer. *Non constat* here, however, that the verdict was not taken with an express qualification.

On the whole, therefore, though the plaintiff has failed in sustaining himself, either on the usual ground of falsity in the pleas, or frivolity in the demurrers, yet I think he has a right, if he will take the hazard, to hold his verdict subject to his chance on argument of the demurrer, unless the defendant choose to come in on terms. This he may do, on paying the costs of the circuit, and of this motion, inasmuch as he produces an affidavit of merits.