By the Court.—Monell, J.
This action is to recover damages for a fraudulent representation made hy the defendant to the plaintiffs concerning his responsibility and property, by means of which the plaintiffs were induced to sell and deliver merchandise to the defendant of the value of five thousand seven hundred and eighty-eight dollars and fifty-nine cents.
Before the bringing of this action the defendant applied by petition to the city judge under the provisions of the act to discharge from imprisonment, and obtained his discharge, which hy the statute, exempted-his person from imprisonment by reason of hnnp“ debt ” due, &c.
The defendant having been arrested, and held to bail in this action, a motion is now made for his discharge on the ground that the discharge, granted by the city judge exempts the defendant from imprisonment. It appears on this motion that an action was brought in the supreme court to recover some one thousand five hundred dollars of the debt, but which action was discontinued before the commencement of the action in this court.
The election to affirm the contract as to part of the claim only, is not sufficient to deprive the plaintiffs of the right to sue for the fraud as to the remainder of the claim, and, therefore, it is not necessary to examine as to the effect of such affirmance. In respect to a large part of the claim now sought to be recovered as damages, there was no election to affirm the contract, and therefore, as to that part, the discharge does not operate, unless it was a “ debt ” within the meaning of the statute. I am not aware of any case where it has been held, that an unliquidated claim for damages, arising out of a tortious act, was a debt, so as to be embraced within the provision of the insolvent debters’ act. In all the cases to which I was referred by the defendant’s counsel, the claim foi’ damages had gone into judgment previous to the discharge being obtained; and they held, and very properly, that the amount recovered and merged in the judgment was a debt within the statute. A debt imports a sum of money *263 arising upon a contract express or implied (3 Black. Com., 154), and not a mere claim for damages.
That the statute does not extend to actions for tofts, or to actions where damages unliquidated, is decided, I think, in á. large number of cases (see Frost v. Carter, 1 Johns. Cas., 73; Mechanics’ &c. Bank v. Carter, 15 Johns., 467; Strong v. White, 9 Johns. 161; Kennedy v. Strong, 10 Id., 289; S. C., 14 Id., 128; Hodges v. Chase, 2 Wend., 248).
Kennedy v. Strong, was an action of trover, and Hodges v. Chase, was trespass, and it was held in each case, that there was not a debt, and that the insolvent’s discharge did not operate.* Assuming, as I must that the law is settled in this State against the view entertained by the defendant’s counsel, it follows that the discharge granted by the city judge did not operate to relieve the defendant from imprisonment for the claim for damages sought tó be recovered in this action. Hpon the merits of this application, the evidence is too strong to be resisted, that the defendant was guilty of a fraud. The representations proven to have been made when he purchased the goods, are shown to have been false; and the defendant has failed to satisfy me, that he was innocent of any intent to defraud the plaintiffs. All, or nearly all, of the subsequent acts of the defendant, tend to confirm the allegation, that when he made the purchases he had formed a deliberate design to cheat;' and I am satisfied from all the proofs before me that such was his design.
The motion to discharge from arrest must be denied.

To the same effect is the case of Cotton, 2 N. Y. Leg. Obs., 370, in which it was held by the United States District Court, that, under the Bankrupt act of 1841, which mentions simply “debts,” a judgment for the payment of an allowance to support a bastard child, and a judgment for damages for seduction arc not-within the act, the court holding that even a judgment which is in form a debt, and recovered in a civil proceeding, is not “ a debt ” within the act, if the cause of action weré a violation of duty, or a tort.
To the contrary effect, however, is matter of Comstock, 22 Vt., 642, and Book’s case, 3 McLean, 317.
Compare as to the effect- of judgment-, Crouch ®. Gridley, 6 Hill, 250; Kellogg ®. Schuyler, 2 Den., 73; Spalding $. People, 7 Bill, 301'.
It is settled in this State by Campbell®. Perkins, 8 B. T. [4 Seld.J, 430, that where, as m the case of an action against carriers for a breach of their duty, the cause of action is founded upon a contract or engagement, the plaintiff, cannot elude the effect of a discharge by bringing an action sounding in tort.