Greer v. Higgins.

---

JOHN P. GREER, *et al.*, v. HIRAM HIGGINS.

1. EVIDENCE; *Admissions of Party.* The admissions or declarations of a party to the record are, *as against such party*, admissible in evidence.

2. —— *Notice to Agent—proof of ; Agent's Admission.* Notice to an agent engaged in the purchase of land for another, is notice to the

principal, but cannot be proved by proving the declarations of such agent made after the transaction was closed and the business no longer in agitation.

3. ———— *Notice to one of two Joint Purchasers.* Notice to one of two joint purchasers of land is not notice to the other where the circumstances are such as exclude the idea that one is the agent of the other.

*Error from Shawnee District Court.*

EJECTMENT, brought by *John P. Greer* and *M. D. Moore,* against *Higgins,* for 160 acres of land. The case was tried at the June Term, 1869. Both parties claimed by deed from Manfred Stafford. The principal questions below, and here, are as to the competency of certain testimony, and its effect upon the rights of the plaintiffs. The facts are stated in the opinion. Judgment was given for *Higgins,* and plaintiffs bring the case here for review.

*Douthitt & Case,* for plaintiffs in error:

1. Higgins lived on the land a year or more before the date of his deed, and there was no change in the character or mode of his possession and occupancy after the making of the alleged deed to him until after plaintiffs' deed was recorded. This was not sufficient notice to plaintiffs: 16 N. H., 385; 32 id., 382; 8 id., 264; 22 Me., 312; 17 Conn., 594; 6 Cush., 170; Story's Agency, § 140.

2. Safford was Mrs. Moore's agent to *purchase* the land of Stafford. His declarations or admissions were made long after said purchase, and were incompetent to prove notice to Mrs. Moore; and the court erred in admitting testimony of such admissions: 1 Greenl. Ev., § 113; 17 N. Y., 133; 14 id., 271.

3. But under no circumstances could Safford's admissions or declarations be received in evidence against Greer. He was not Greer's agent for any purpose. The plaintiffs were tenants in common: Comp. Laws, 354, § 8; 2 Bouv. Law Dic., title "Tenant." But they have no unity of title or community of interest which will make the declarations of one admissible against the other, or notice to one notice to the other: 1 Gr. Ev.,

§ 176 and notes; 63 Penn. St., 59; 15 Conn., 1; 4 Cowen, 483; 4 Wis., 1; 2 Barb., 270; 1 Hill., 567; 7 id., 470.

*D. Brockway*, for defendant in error:

1. Defendant was in the open and notorious possession of the premises, using them for general farming purposes, and residing upon them, at the time of plaintiffs' purchase; and this is sufficient notice to the world that he had a deed: 4 N. H., 262; 2 J. J. Marsh., 180; 15 Ill., 540; 6 Wend., 213; 22 Me., 312; 10 How., 348; 2 Mass., 508; 15 Iowa, 507; 17 Vesey, 433; 4 Monroe, 196; 26 Cal., 419; 14 Wis., 468.

2. Safford was the agent of plaintiff Moore, and his admissions were admissible; and notice to one of two joint parties is notice to both: 1 Pars. on Contr., 11; 7 Cush., 224; 14 Pick., 76.

The opinion of the court was delivered by

KINGMAN, C. J.: The plaintiffs in error brought this action to recover a quarter-section of land in Shawnee county. The plaintiffs in error and defendant both claim as grantees under one Manfred Stafford. The plaintiffs in error claim by deed dated August 16th, 1859, recorded the same day. The defendant in error claims by deed dated July 4, 1859, but not recorded until Aug. 20th, 1859.

The defendant's testimony tended to show that he was in possession under his unrecorded deed at the time of the purchase of plaintiffs, and that the possession was such as to be constructive notice to the plaintiffs of his having title thereto. The plaintiffs' testimony on this point tended to show that defendant lived on said land before he bought it, and that there was no such change in the possession and occupancy of the land after making the deed by Stafford to him and before the making the deed to plaintiffs as would put purchasers upon inquiry. There was also testimony tending to show actual notice to Greer and to the agent of Moore; and on the other hand there was an absolute denial of such notice by the plaintiffs in their testimony. The question on the trial on which the decision

33—8TH KAS.

hinged was, whether the plaintiffs or either of them had such notice of the prior unrecorded deed to defendant as to prevent them from holding the land in controversy in good faith. On the trial the defendant offered in evidence the deposition of D. S. McIntosh. Each of the plaintiffs objected to reading that portion of the deposition that purported to give a conversation between the witness and Greer, and a separate conversation between witness and Jacob Safford, (Moore's agent.) This testimony tended to prove that Greer had actual knowledge of the deed from Stafford to defendant when the plaintiffs bought the land, and that Safford had a like knowledge. It was elsewhere proved by the testimony of the plaintiff Mrs. Moore that Safford had acted as her agent in the purchase of the land, and continued to be her agent in relation to the land up to the time of the trial. The admission of this testimony is the first error alleged. "The general doctrine is that the declarations of a party to the record, or of one identified in interest with him, are, *as against such party*, admissible in evidence." 1 Greenl. on Ev., § 171. That part of the deposition showing a knowledge by Greer of the prior deed of defendant when he purchased was clearly admissible as to him under the rule just quoted. The testimony as to the declarations of Safford made after the purchase of the land stands on a different footing. There can be no doubt that notice to Safford of the outstanding title, while he was acting as the agent of Mrs. Moore in purchasing the land, was notice to Mrs. Moore of that fact. It is the duty of the agent to apprise his principal of all the facts necessary to be known, and it is presumed that that duty is always performed, and therefore notice to the agent is notice to the principal: *Hiem v. Mill*, 13 Vesey, 113, and note 2 to same case, p. 123; *Jackson v. Sharp*, 9 Johns., 161; *Astor v. Wells*, 4 Wheaton, 486; *Fulton Bank v. N. Y. & Sharon Canal Co.*, 4 Paige Ch., 137; *Bank of U. S. v. Davis*, 2 Hill, 461; *Mechanics' Bank v. Seaton*, 1 Peters, 309; 1 Parsons on Con., 64; Story's Eq., § 408. But while this principle is true, the fact of notice must be proved, as any other fact, by competent evidence. When these admissions of the agent purport

to have been made the land had already been purchased. Safford was no longer the agent for the purchase of the land. He was agent for the care of it, and the plaintiff Moore's interest in it. Was his admission, made after the transaction was closed, evidence against his principal? It will be conceded that the admission of a stranger could not be so proved against a party, for such testimony would be only hearsay. There is a class of cases in which the admissions or declarations of the agent may be given in evidence against his principal, but it is when such declaration is made within the scope of the agent's authority, and then it is in the nature of original evidence and not hearsay—the representations or statement of the agent in such cases being the ultimate fact to be proved, and not an admission of some other fact: 1 Phil. on Ev., 381. The limitation of the rule as to the admission of the declarations of agents is thus stated by Mr. Greenleaf in his treatise on Evidence, Vol. 1, § 113: "The party's own admission, whenever made, may be given in evidence against him; but the admission or declaration of his agent binds him only when it is made during the continuance of the agency in regard to a transaction depending, *et dum fervet opus.* It is because it is a verbal act, and part of the *res gestæ*, that it is admissible at all; and therefore it is not necessary to call the agent himself to prove it; but wherever what he did is admissible in evidence, *there* it is competent to prove what he *said* about the act while he was doing it; and it follows that when his right to act in the particular matter in question has ceased, the principal can no longer be affected by his declarations, they being mere hearsay." The authorities on this point are collected in Paley's Agency, 267, et seq., and notes. Applying the rule as laid down, the declarations of the agent, made as they were after the purchase had been concluded, and the transaction no longer depending or in agitation, could not be received as against the principal; therefore that part of the deposition should have been suppressed. The deposition as to Greer, as we have seen, was properly admitted as to Greer; it was legal evidence as to him, as tending to show knowledge on his part of the prior deed of

defendant. But it was not evidence as against his co-plaintiff Moore. She had no such privity of estate with Greer as to make an attempted fraud on his part in the purchase of the land operate against her, as we shall presently see.

The next point raised is on the instructions. The court among others gave the following: "Notice to the agent of a party is notice to his principal; and notice to one of two joint parties is notice to both." The instructions contain two propositions. The first one we have already seen is correct. The last one although it may in some cases where the relation of the parties is such as to justify it, be correct, is not so as applied to this case. The plaintiffs held by a deed to them jointly, which made them tenants in common. Comp. Laws, 354, § 8, in force when these deeds were made. Each purchased for himself or herself, and owned an undivided-half of the land purchased. There was not such a joint interest as would make a notice to one a notice to both; nor did they stand in such a relation to each other that one would be considered as the agent of the other. The reasons of the law on this point are well stated in the case of *Snyder v. Sponable*, 1 Hill, 567, wherein Bronson, J., observes: "On a conveyance to two or more persons, whatever may be the nature of their estate, I am not prepared to admit that notice to *one* would be sufficient to overcome the registry laws as to all the purchasers. We have not been referred to any authority in support of such a position, nor has any fallen under my observation. It is easy to see why the estate of the fraudulent vendee should fail; but it is difficult to understand on what principle the other and innocent vendee can also be punished for his transgression. This is not a question concerning the validity of the deed as between the immediate parties to it. The conveyance was undoubtedly operative as between Cochran and the grantees. But a third party comes in and says, The deed ought not to operate against me because you had notice of my mortgage. The reason upon which the objection rests goes only to the party who had the notice; and such estate as he would otherwise have taken under the conveyance may well fail without involving the other and

innocent vendee in the same consequence. This would I think be so on a conveyance to several persons either as joint tenants, (except in the case of a trust estate,) or as tenants in common." The same doctrine is decided in *Parker v. Kane*, 4 Wis., 1, and *Wiswall v. McGown*, 2 Barb., 281. From these authorities, as well as from the reason of the case, we conclude that the instruction as to the last clause was erroneous. The judgment must be reversed and the cause sent back for a new trial.

All the Justices concurring