# JULY TERM, 1878.

PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. DANIEL M. VALENTINE, } Associate Justices.
Hon. DAVID J. BREWER,

## JOHN P. GREER AND M. D. MOORE v. HIRAM HIGGINS.

1. DEPOSITION; EVIDENCE; *Exception by Parties Not Affected by Testimony.* Where a plaintiff makes a general objection and exception to a deposition, to the effect that it is incompetent and irrelevant, and a large part of the testimony is clearly admissible against the party excepting, and the portion of the deposition which is incompetent only affects a co-plaintiff who takes no exception, and the deposition is admitted in evidence and read to the jury, there is no cause for reversing the judgment obtained in the action.

2. ———— *Impeaching Witness; Former Deposition.* Where the deposition of a witness has been read in evidence, and the opposing party produces another and a conflicting deposition of the same witness in another action between the same parties, of a prior date, and offers to introduce the same to impeach the witness, and the court of its own motion excludes the testimony, *held*, not error, as the witness sought to be impeached, and the party to be affected thereby, are entitled of right to any explanation which the witness can give of the statements imputed to him. The attention of the witness must be first called, on cross-examination, to such prior contradictory statements.

3. ERRONEOUS INSTRUCTION, *Given at Instance of Complaining Party.* Where a party requests the court to instruct the jury, that if a particular witness (naming him) has knowingly and willfully testified falsely in regard to any material fact in the case, they must entirely disregard the testimony of the witness, and the court modifies the instruction to include all the witnesses, and then gives the same, and thereafter the party asking the instruction alleges the court committed error in giving the instruction thus modified, *held*, that as the instruction is virtually in accord with the request of the party alleging error, the giving of the same is not a sufficient reason to reverse the judgment.

4. TITLE; *Open, Notorious, and Exclusive Possession, by Junior Grantee.* Where a defendant purchased real estate on the 4th day of July 1859, and obtained a deed of that date, and thereafter has open, notorious, and exclusive possession of the premises, but fails to record his deed till 20th August 1859, a plaintiff, buying the property on the 16th of August 1859, and recording his deed the same day, has notice of the title and interest of the defendant to the property of which he is in full possession at the date of plaintiff's purchase; and the plaintiff by his subsequent purchase obtains no title which he can assert against the defendant in possession of the premises.

### Error from Shawnee District Court.

EJECTMENT, brought by *Greer* and *Moore*, against *Higgins*. All necessary facts and proceedings are stated in the subjoined opinion. Plaintiffs bring the case here.

*W. P. Douthitt,* and *A. H. Case,* for plaintiffs:

1. Higgins lived on the land with his son, and Stafford, for more than a year before the date of his deed, and there was no change in the character or mode of his possession and occupancy after the making of the alleged deed to him, until after plaintiffs' deed was recorded. This was not sufficient notice to the plaintiffs: 16 N. H. 385; 32 N. H. 382; 8 N. H. 264; 22 Me. 312; 17 Conn. 594; 6 Cush. 170; Story's Agency, § 140. Under the 8th instruction, *"any fact"* must be followed up, whether known by the one, or the other, of the plaintiffs; and such fact was notice to and conclusive upon both plaintiffs of defendant's deed and possession. This is not the law. It is only such facts as would put a prudent man on inquiry which must be followed up, and when reasonably followed up lead to the truth. 2 Johns. Ch. 182; 2 Sumner, 486, 556; Pomeroy on Rem. Rights, 201, § 167. A fact might have come to the knowledge of one of the plaintiffs and not to the other, which would conclude but one of them.

2. Safford was Moore's agent to purchase the land of Stafford. His declarations or admissions made after the purchase, or before the agency commenced, were inadmissible to prove notice to Moore, or Greer; and it was error to admit such

evidence. 1 Greenl. Ev., § 113; 17 N. Y. 133; 14 N. Y. 271; 8 Kas. 519. If this evidence was competent, the court should have given our instruction, and should have told the jury which plaintiff (if either) was affected by the admission or declaration.

3. The witness McIntosh, in his testimony for defendant, testified that he had known M. D. Moore, one of the plaintiffs, since June 1857. The plaintiffs offered his deposition as a whole, and for all purposes, taken prior thereto in a case between the same parties and about the same subject-matter, in which McIntosh stated he did not know Moore. No objection was made to the introduction of this deposition, but the court refused to allow any part of it to be read. The testimony was competent, first, because not objected to; second, for the purpose of impeaching McIntosh. 1 Greenl. Ev. §§ 552, 553.

4. The 5th and 10th instructions were erroneous, as being calculated to mislead, as the court failed to state to the jury that the possession of defendant, spoken of, must be under his deed, and claimed to be under such deed, and also failed to tell the jury that such possession, if obtained before the deed, and continued jointly with Stafford, and no visible change had been made, was not notice of a conveyance, and was merely *prima facie* evidence of ownership, if exclusive.

5. The court erred in giving the 11th instruction, as this was not the law in 1873, when this case was tried, if it was not the law in 1871, when *Shellabarger v. Nafus*, 15 Kas. 547, was tried. 8 Kas. 647.

*John Martin*, for defendants.

The opinion of the court was delivered by

HORTON, C. J.: This was an action of ejectment, brought by the plaintiffs in error to recover a quarter-section of land. The action was commenced on the 2d of October 1869, was

Statement
of the case.

afterward tried by a jury, and resulted in a verdict and judgment for the defendant. From this judgment a writ of error was prosecuted to this court by the

plaintiffs, and that judgment was reversed. (*Greer v. Higgins,* 8 Kas. 519.) At the June term 1873 of the district court of Shawnee county, the action was again tried, and again resulted in a verdict and judgment for the defendant; and the case is now before this court for the second time, at the instance of the plaintiffs. The testimony produced at the June term 1873, was substantially as reported in 8 Kas. 519. Both plaintiffs and defendant claim as grantees under Manfred Stafford. The plaintiffs claim by deed dated 16th August 1859, recorded the same day. The defendant bases his claim upon a deed dated 4th July 1859, (but which was not recorded until August 20th,) and upon an alleged actual, open, visible, notorious and exclusive possession of the premises from said July 4th, the date of his said deed. Plaintiffs claim that the defendant lived on the land with his son, and his grantor, for more than a year before the date of his deed, and that there was no change in the character or mode of his possession and occupancy after the execution of the deed to him, prior to the recording of the deed to plaintiff, on 16th August 1859.

Assignments of error are made regarding the admission and rejection of evidence, and the granting and refusing of instructions. As tending to prove actual notice of defendant's interest in the premises prior to the 16th of August 1859, on the part of the plaintiffs, the defendant offered in evidence the deposition of D. S. McIntosh. So much of this deposition as related to a conversation between Safford (Moore's agent) and the witness, after the execution of the deed of August 16th, was incompetent, as being an attempt to prove the declarations of an agent made after the transaction in which he acted as an agent was closed. So much of the deposition as appertained to the statements and admissions of Greer, of his knowledge of the deed of defendant at the time he and Moore made their purchase, was competent, and important. Greer excepted to the ruling of the court in admitting such evidence. *Moore took no exception.* The objections to the deposition were simply,

1. Exception to evidence, by party not affected.

that the same was "incompetent and irrelevant." The objections and exception were not sufficient. A portion of the deposition was clearly admissible against Greer, and he is the only party excepting. He failed to point out or separate the competent from the incompetent testimony; and his objection and exception were too general. Further, the admission of the conversations between McIntosh and Safford only affect Moore, whose agent Safford was; and Greer was not prejudiced by this evidence. He has no right to complain at this action.

In the deposition of McIntosh, which was read on the trial, and which was taken in June 1869, the witness stated he had known M. D. Moore since 1857. On the part of the plaintiffs, an attempt was made to impeach such witness by introducing in evidence his deposition taken on the 10th of October 1867, in an action then pending in the district court of Jefferson county, in this state, between "Hiram Higgins plaintiff, and John P. Greer, and M. D. Moore defendants," which contained the statement that the witness did not know M. D. Moore. The court of its own motion refused to allow the deposition to be read. This was not error. The evidence was incompetent for the only purpose that it could have aided the plaintiffs. When it is intended to discredit a witness by showing that he has, on a former occasion, made a statement inconsistent with one made on trial, it is requisite, generally, to ask him, on cross-examination, whether he has not made such prior contradictory statement. Only upon a denial, direct or qualified, by the witness, that such a statement was made, can proof of it be offered. The true principle of the rule seems to be, that the witness, whose testimony is to be impeached, and the party to be affected thereby, are of right entitled to any explanation which the former can give of the statements imputed to him. The fact that the depositions of the witness were used, or attempted to be used, in the absence of the witness, in nowise changes the rule of law in this respect. The deposition attempted to be offered in evidence by plain-

2. Impending witness; contradictory statements.

tiffs, was taken nearly two years before the one read by defendant on the trial; hence in this case there was no excuse for the plaintiffs failing to appear and examine him concerning his former statement, if they wished to introduce such former deposition for the purpose of impeaching his evidence in the last deposition. It has even been held, that where the deposition of a deceased witness had been by consent read in evidence, another and conflicting deposition of the same witness, at a prior trial, could not be read in order to impeach the witness, as the attention of the witness had not been called to the conflict. *Hubbard v. Briggs*, 31 N. Y. 518; *Bunyan v. Price*, 15 Ohio St. 1.

On the trial, the court instructed the jury that if they found from the evidence that any witness had knowingly and willfully testified falsely in regard to any material fact in the case, they should entirely disregard the testimony of such witness — thus giving the law to the jury as it was interpreted by this court prior to the decision of *Shellabarger v. Nafus*, 15 Kas. 547. Whether such erroneous instruction, given by a trial court at a time when it was the settled law of this state, would be sufficient ground for a reversal, in such a case as this, is not fairly before us for our determination. We have already held, that where the charge of the trial court is in accord with the instructions asked by the party alleging error, it will not be a satisfactory reason for a reversal of the case. (*K. P. Railway Co. v. Cutter*, 19 Kas. 83.) This instruction so given was simply a modification of instruction asked by the plaintiffs. Instead of having the instruction apply solely to Hiram Higgins, as requested by plaintiffs, the court made it general, and applicable to all the witnesses. Under these circumstances, it would be grossly unfair to the trial court, and the defendant, to order a new trial on account of this direction, which was given and adopted at the instance of the party complaining.

3. Instructions, given at instance of party complaining.

Notwithstanding the many objections made to the other instructions given, upon a careful examination of them, as well as those refused, we see no error prejudicial to the

28 — 20 KAS.

4. Title; posses-
sion; notice.

plaintiffs. The learned judge of the trial court correctly and fully directed the jury upon the questions of law involved. The principal instructions were as follows:

"4th.—If the jury find from the evidence, that the plaintiffs knew, or had notice of the existence of a deed from Manfred Stafford to the defendant, (if such deed was executed and delivered,) at the time of the making of the deed by said Stafford to the plaintiffs, then the want of record of the deed to the defendant Higgins would not defeat the defendant's deed, nor give the plaintiffs' deed priority over it.

"5th.—If the jury find from the evidence, that at the time Manfred Stafford made the deed to the plaintiffs the defendant Higgins was in the open, notorious, and exclusive possession of the land, then such open, notorious, and exclusive possession was equivalent to notice to the plaintiffs of the title of said defendant, whatever that title might be. The rule is, that *possession*, to be *notice*, must be open, visible, exclusive, and unambiguous, not liable to be misunderstood or misconstrued; and the burden of proof of such possession of the land by the defendant is upon the defendant.

"6th.—Notice to the agent of a party, is notice to his principal; but such notice must be of facts derived during the agency, or pending the purchase of the land.

"7th.—Notice to one of two joint purchasers of land is not notice to the other, when the circumstances are such as exclude the idea that one is the agent of the other.

"8th.—If the plaintiffs, or either of them, had knowledge before the making of the deed to them of any fact or facts indicating that the defendant had a deed for, or claimed an interest in the land in controversy, and neglected to make inquiry of the defendant in regard thereto, then *such* plaintiff is chargeable with such notice as the inquiry would have produced if he or she had made such inquiry." * * *

"10th.—If the jury find from the evidence, that Manfred Stafford sold and conveyed to the plaintiffs the land in controversy, and that said plaintiffs had no knowledge or notice that said Stafford had previously conveyed said land to defendant, and further find that the defendant was not at the time Stafford so conveyed the land to plaintiffs in the open, notorious, and exclusive possession of said land, they will find for the plaintiffs."

The particular instructions criticised in the above list by

the counsel of the plaintiffs, are fully authorized by the decisions of this court in the cases of *Johnson v. Clark*, 18 Kas. 153, and *School District v. Taylor*, 19 Kas. 287.

The other grounds presented for consideration have been fully weighed, but do not appear to be of sufficient magnitude to call for special comment.

The judgment must be affirmed.

All the Justices concurring.