No. 21,592.

W. R. BRUSH, *Appellee*, v. LEW BOYER, *Appellant*.

SYLLABUS BY THE COURT.

ACTION—*Trust in Land—Equitable Action—No Jury Trial as Matter of Right*. A suit to establish and enforce a trust in lands and to compel a conveyance, or in case defendant has placed it out of his power to convey, for relief in the nature of damages, is an equitable action, and defendant is not entitled, as a matter of right, to demand a jury.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed February 8, 1919. Affirmed.

*John W. Adams, George W. Adams*, and *S. S. Hawks*, all of Wichita, for the appellant.

*David Smyth*, and *J. W. Smyth*, both of Wichita, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was to establish and enforce a trust in real estate, the legal title to which it was claimed defendant acquired, when, in fact, the property was part of the consideration for a sale and conveyance of lands belonging to plaintiff.

Brush v. Boyer.

It was alleged that defendant was plaintiff's agent in making the sale, and fraudulently concealed from plaintiff the fact that, in addition to the consideration which he informed plaintiff was to be paid, he received a conveyance of a lot in the city of Wichita; that the reasonable value of the property sought to be recovered is $6,000. In the event it should appear on the trial that defendant had put it out of his power to make a good and sufficient conveyance, plaintiff asked judgment for the value. The answer was a general denial and also a specific denial of any ownership or interest in the Wichita property. In a cross petition defendant sought to recover a commission for his services in finding a purchaser for plaintiff's land, and also set up other claims for which he asked judgment. The court found the issues in plaintiff's favor, and found that defendant had caused the Wichita property to be conveyed to a third party. Plaintiff was given judgment for $6,000.

The sole question raised by defendant's appeal is whether it was error to deny his request for a jury trial. Plaintiff's cause of action was purely equitable; the mere fact that he asked in the alternative to recover the value of the property in case the defendant had put it out of his power to make a good conveyance, did not change the character of the action. In actions for the specific performance of a contract it is the well-established practice to ask, in the alternative, for money damages in the event the court finds it inequitable or impossible to compel specific performance. (*Naugle v. Naugle,* 89 Kan. 622, 629, 630, 132 Pac. 164; *Huey v. Starr,* 79 Kan. 781, 101 Pac. 1074.) In all such cases the action is purely equitable, and the court has power to grant full relief. The defendant's contention that two causes of action were stated, one to establish a trust and another to recover possession of real estate, is not sound. (*Naugle v. Naugle,* supra, citing Bliss on Code Pleading, 3d ed., § 115.) Plaintiff could recover only upon proof of facts which would entitle him to a decree declaring and establishing a trust in the lands in his favor; the form of relief depended upon the state of the title when the judgment was rendered. Nor could the defendant, by filing a cross petition asking for a money judgment, change the nature of plaintiff's cause of action. The defendant was not, as a matter of right, entitled to a jury. (*Nelson v. Schoonover,* 89 Kan. 388, 131 Pac. 147; *Houston v.*

*Goemann,* 99 Kan. 438, 441, 162 Pac. 271, and cases cited in the opinion.)

The judgment is affirmed.