No. 22,213.

E. A. ORR, *Appellee*, v. RAGAN THOMAS, *Appellant*.

SYLLABUS BY THE COURT.

1. CONTRACT—*Exchange of Property—Specific Performance—Jurisdiction of Court to Order an Accounting.* In an action for specific performance of a contract for the exchange of real and personal property, where the execution of the contract is pleaded, and the contract is exhibited, and not denied, and the defendant joins in the prayer for specific performance "so far as the real estate is concerned," the action is maintainable, although the trial court finds that the contract cannot be specifically enforced "because of a want of mutual understanding as to all its terms"; and where pursuant to such imperfect contract the parties have partially performed it by a transfer of a bank account, and by payments and expenditures pertaining to the personal property, the court may properly retain jurisdiction and order an accounting, and give such judgment as justice may require.

2. SAME—*Findings of Trial Court.* A seemingly equivocal finding of fact touching the trial court's construction of a contract may be interpreted in the light of the pleadings and the contract itself, and no error will be based thereon when the judgment itself is correct.

3. SAME—*Venue—Jurisdiction of Court to Adjudicate All Matters Pertaining to Contract.* The civil code permits an action for specific performance of a contract concerning land to be brought in any county where part of the land is situated, and it may be so brought although an exchange of some personal property is also involved in the contract; and the court does not lose jurisdiction to adjudicate all matters pertaining to the contract although it finds that a decree of specific performance should not be rendered; and in such case the court may decree an accounting between the parties on pertinent matters which arose because of their acts in partially carrying the contract into effect.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed December 6, 1919. Affirmed.

*R. D. Armstrong,* of Scott City, *R. W. Hoskinson,* and *Robert S. Field,* both of Garden City, for the appellant.

*H. O. Trinkle,* of Garden City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This action questions the jurisdiction of a district court to render a judgment for an accounting, against a

Orr v. Thomas.

nonresident of the county, in an action brought for specific performance of a real-estate contract, when it developed in the course of the trial that specific performance could not be decreed owing to some misunderstanding touching the contract, although pursuant thereto the contracting parties had partially performed it.

The plaintiff's assignor, C. E. Bradburn, made a bargain with defendant, in writing, to convey to defendant, Ragan Thomas, certain lands in Finney and Kiowa counties in exchange for some lands, residence, building, and a stock of merchandise in Lane county. Bradburn assigned the contract to plaintiff, and the latter brought suit in Finney county for its enforcement. The defendant, Thomas, resided in Lane county, and was served with summons in Lane county.

Defendant's motion to quash the summons for want of jurisdiction was overruled.

The trial court found that the contract had been made and partially performed, but that it could not be specifically enforced because of want of mutuality as to all its terms; so an accounting was had between the parties and judgment given thereon.

The court's findings and judgment, in part, read:

"That the contract set up in plaintiff's petition was not in fact entered into between the plaintiff and the defendant because of a want of mutual understanding between the parties as to all its terms. For said cause the court finds that the contract cannot be specifically enforced.

"The court further finds that in attempting to carry out the plaintiff's part of the contract, the plaintiff has paid to the defendant the sum of $500.00 in cash, and has paid out for the use and benefit of the defendant, in the payment of the defendant's obligations, the sum of $201.50.

"The court further finds that the plaintiff has received from the defendant merchandise of the value of $17.14.

"The court further finds that there is a small balance on deposit in the Farmers State Bank of Shields, Kansas, in the name of the plaintiff which should now be turned over to the defendant, the exact amount of said balance being not now known to the court.

"The court further finds that the defendant still retains all money paid to him and to his use, as aforesaid, by the plaintiff.

"The court finds that said sum of money, less the value of the merchandise received by plaintiff, as aforesaid, should be paid to the plaintiff by the defendant.

40—105 KAN.

"Wherefore, it is now by the court considered, ordered, adjudged and decreed that said defendant pay to the plaintiff the sum of $684.42 with interest thereon at 6 per cent from February 1, 1918."

When the trial court made the first finding quoted above, the defendant filed a motion—

"Comes now the defendant after the decree of the court denying a specific performance of the contract sued on in this action, and moves the court to dismiss said action in so far as the same relates to an accounting between the parties thereto, for the following reasons, to wit:

"Because the defendant is a resident of Lane county, Kansas, and the only summons served on defendant was made in Lane county, Kansas, and the court is without jurisdiction to hear and determine the said matters of accounting between the parties.

"Because the defendant has heretofore filed his motion to set aside the service of summons in said cause, on account of the want of jurisdiction of the court."

This motion and defendant's motion for a new trial were overruled, and he appeals.

An action for the specific performance of a contract is none the less such an action merely because the court whose equitable powers are invoked may not be able to grant the particular and especial relief prayed for. If the facts disclose a meritorious case for equitable cognizance, a court of equity will retain jurisdiction and grant such appropriate relief as justice seems to require. (36 Cyc. 752, 753; 10 R. C. L. 370-374; 25 R. C. L. 341.)

There can be no doubt about the good faith of the present suit. The plaintiff pleaded and set out the written contract and prayed for its enforcement, and the defendant admitted the execution of the contract and likewise prayed "that the same be performed as originally entered into so far as the real property is concerned." Just what was the difficulty which the trial court encountered in enforcing the contract "as to all its terms" is not disclosed by the record. We may infer that some considerations affecting the rights of the parties touching the personal property had been overlooked when the contract was executed. The written contract, which is before us, discloses no uncertainty and suggests no difficulty in enforcing it. With the aid of the written contract and the pleadings, we can interpret the somewhat equivocal finding of the trial court first quoted above. The finding of "want of mutual understanding as to all its terms" must refer to some dispute as to

details touching the transfer of the merchandise—a difficulty which did not arise until the plaintiff had been permitted to take partial charge of the stock of merchandise as incoming proprietor, and until he had paid out considerable money in connection with the business and had taken over the outgoing proprietor's bank account. When this difficulty did arise, the outgoing proprietor resumed possession, and his conduct thereafter can only be construed as an attempt at rescission.

Since the action was essentially one for specific performance, the trial court committed no error in retaining jurisdiction, and whatever its view touching the want of mutuality in the contract "as to all its terms," it seems to have arrived at an entirely righteous and equitable result. (*Saylor v. Crooker,* 97 Kan. 624, 156 Pac. 737; *Railroad Co. v. Utilities Commission,* 98 Kan. 667, 671, 158 Pac. 863; *Parrick v. School District,* 100 Kan. 569, 573, 164 Pac. 1172; *Barber v. Emery,* 101 Kan. 314, 319, 167 Pac. 1044; *The State v. Sweet,* 101 Kan. 746, 753, 168 Pac. 1112.)

No error transpired in overruling the defendant's motion to quash and its motion to dismiss. An action for the specific performance of a contract concerning realty may be brought in the county where the land, or any part of it, is located (Civ. Code, § 56, Gen. Stat. 1915, § 6946) ; and if such action is meritorious and is grounded fundamentally upon equitable principles which govern specific performance, the court does not lose jurisdiction to grant appropriate relief in such an action, although the peculiar and especial relief prayed for may be withheld. (*Knipe v. Troika,* 92 Kan. 549, 553, 141 Pac. 557.) The accounting was a pertinent incident of the main case; and when it was shown that the parties had so far entangled themselves in their efforts to carry out the contract that relief in equity was necessary to extricate them from their predicament, it was proper for the court to decree an accounting.

In *Brush v. Boyer,* 104 Kan. 168, 178 Pac. 445, it was said:

"In actions for the specific performance of a contract it is the well-established practice to ask, in the alternative, for money damages in the event the court finds it inequitable or impossible to compel specific performance. (*Naugle v. Naugle,* 89 Kan. 622, 629, 630, 132 Pac. 164; *Huey v. Starr,* 79 Kan. 781, 101 Pac. 1074.) In all such cases the action is purely equitable, and the court has power to grant full relief." (p. 169.)

The judgment is affirmed.