No. 22,987.

WILLIAM RAYL et al., *Appellants*, v. FRANK A. BROWN et al., *Appellees*.

SYLLABUS BY THE COURT.

1. TRUST—*Action to Establish Trust in Real Estate—Not Triable to Jury.* An action to establish a trust in real estate and for an accounting of the rents and profits thereof, brought against the heirs and devisees of a former owner of the land, is not triable by a jury as a matter of right.

2. SAME—*Incompetent Evidence to Disprove Verbal Contract.* In an action, as described in the first paragraph hereof, evidence of the declarations of the deceased, who held the possession and legal title of the land, is not competent for the purpose of disproving the making of the verbal contract relied upon by the plaintiffs.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed February 12, 1921. Reversed.

*F. L. Martin, John M. Martin, Walter F. Jones,* and *C. M. Williams,* all of Hutchinson, for the appellants.

*C. E. Branine, W.·A. Huxman,* and *H. R. Branine,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The plaintiffs, as the surviving heirs at law and devisees of Julia Ann Rayl, deceased, brought this action against Frank A. Brown, a nephew of William A. Brown, deceased, George W. Brown, and other defendants, for a decree declaring William A. Brown to have been trustee for the use and benefit of the plaintiffs during the lifetime of Julia Ann Rayl, in accordance with a verbal agreement alleged to have been made between Julia Ann Rayl and William A. Brown, who was her son-in-law, and his wife, Katie E. Brown, a daughter of Julia Ann Rayl. The alleged agreement was that Julia Ann Rayl would provide one-half of the purchase price for a certain tract of land, and that ·William A. Brown should furnish the other half; the legal title to be taken and held in his name, his wife and himself to have the use and possession as long as they lived, and at the death of the survivor of them, one-half of the land and whatever property was accumulated from the land by their joint efforts should descend and belong to the heirs of William A. Brown, the other half to.the heirs and devisees of Katie E. Brown. It was alleged that the land was purchased under the verbal contract; that both William A. Brown and Katie E. Brown, who are now deceased, survived Julia Ann Rayl, and that after the death of his wife, William A. Brown made a will by which he bequeathed the property in question to the defendants. A trial before a jury resulted in a verdict and special findings in favor of the defendants upon which the court rendered judgment. The plaintiffs appeal.

On the trial the defendants demanded a jury as a matter of right, and over the objections of plaintiffs the request was granted. This action of the court is the first assignment of error. The suit being one to establish and enforce a trust in land and to compel the conveyance or for partition, the defendants were not entitled, as a matter of right, to demand a jury. (*Butts v. Butts,* 84 Kan. 475, 114 Pac. 1048; *Houston v.*

Rayl v. Brown.

*Goemann,* 99 Kan. 438, 162 Pac. 271; *Brush v. Boyer,* 104 Kan. 168, 178 Pac. 445.)

The defendants rely upon the case of *Atkinson v. Crowe,* 80 Kan. 161, 102 Pac. 50, 106 Pac. 1052, an action to enjoin defendants from entering upon and mining coal from certain land It was held apparent that the real contention of the plaintiff involved the ownership of the coal of which the defendants were in possession, and that the granting of the injunction would, in effect, amount to the same thing as a judgment in ejectment, and determine not only the title but the possession of the real estate. In this case the plaintiffs are not seeking to obtain possession of real property. Their claim is based upon the fact that they claim to be tenants in common with the defendants in the land and the possession of the latter is their possession. The court is asked to establish a trust on the lands and when that is done, order an accounting of the rents and profits and whatever relief plaintiffs are entitled to have.

In *Gordon v. Munn,* 83 Kan. 242, 125 Pac. 1, which was an action in partition, it was held that under the issues in that case a jury trial should have been granted as a matter of right. In that case it was held that "for all practical purposes it would result in a recovery of the possession of the property from one party and an award of it to the other, which would seem to embrace all the essential features of an action of ejectment." (p. 245.)

In the case of *Butts v. Butts,* supra, the case of *Gordon v. Munn* is referred to and in the opinion it was said:

"It is true that the courts recognize the doctrine that where the action should have been, and in substance is, an action for the recovery and possession of real estate the right of the defendant to a jury cannot be defeated by the mere device of the plaintiffs in bringing the action in an equitable form." (p. 478.)

In the present case the petition seeks to establish a trust in real estate based upon an alleged family agreement between the predecessor in interest of the defendants and Julia Ann Rayl, of whom the plaintiffs are the surviving heirs at law and devisees, by which agreement Julia Ann Rayl furnished half of the consideration for the purchase price of the real estate and William A. Brown and his wife furnished the other half with the agreement that they should take the legal title and

hold the possession and the use of the lands as long as they lived, and that upon the death of the survivor of them, the property should be equally divided between the heirs of Julia Ann Rayl and those of William A. Brown and his wife. The petition then asks that when this trust is established the plaintiffs be granted a decree ordering an accounting for rents and profits and for partition.

It is argued, however, that the plaintiffs claim to own one-half of the land while defendants claim to own all of it, and that before any accounting for rents and profits can be had, and before any trust can be imposed upon the lands, the ownership of the lands must be determined. Upon this theory it is then insisted that the whole case revolves around the ownership of the land, which makes it a jury case under the authority of the Crowe case and *Gordon v. Munn,* supra. The argument rests upon a statement, which is hardly a fair or an accurate one, of plaintiffs' claims and of the averments in the petition. The plaintiffs concede that the defendants have possession and hold the full legal title to the real estate. The fact is that before plaintiffs could get anywhere in their action, it was necessary for them to establish a trust concerning real estate as declared upon in their petition. Their evidence was not offered for the purpose of proving that they were the owners of the real estate, but for the purpose of inducing a court of equity to declare and establish a trust upon the lands of a one-half interest in favor of the plaintiffs. To argue that before any trust can be imposed by a court of equity in such case the ownership of the lands must be determined, ignores the character of the action and the very purpose for which it was brought. If it had been merely to recover possession it would have been in the form of ejectment. Courts of equity were established to decide just such questions as are presented by the present case. Under the ancient rule, the plaintiffs would have been compelled to procure a decree from the chancellor, establishing the trust and then bring an action at law to secure the relief to which they would be entitled. Under modern procedure, the court which establishes a trust molds its decree so as to give to the plaintiffs whatever relief they are entitled to. If the argument advanced is sufficient to bring this case within the rule declared in the Crowe case, *supra,*

and *Gordon v. Munn,* supra, it is difficult to see why it would not apply to a case where a warranty deed, executed by the owner of real estate, is afterwards claimed by him to have been in effect a mortgage, and where he claims to have paid off the indebtedness, or tenders the balance due,—because if he established the fact that the deed was a mortgage, the final result of the relief granted to him is to declare that he is the owner and entitled to the possession of the real estate. But certainly that fact would not make the action triable before a jury as a matter of right. As tending to support these views, see *Houston v. Goemann,* supra, and *Brush v. Boyer,* supra.

The defendants make the further contention that because the court had authority to call a jury in an advisory capacity, the situation is the same as though the court had done that in this instance, and then adopted the findings of the jury. The difficulty with that contention is that the record shows conclusively that the court granted defendants a jury as a matter of right, and did not in any sense adopt or make the findings of the jury those of the court. This being an action in which neither party was entitled to demand a jury, the court could not avoid its responsibility to decide the issues of fact. There is nothing in the record to suggest the idea that the trial court passed upon the disputed facts any more than a court does in refusing to set aside a verdict or to grant a new trial. In cases triable before a jury, the court may conclude that the verdict of the jury is sustained by sufficient evidence and render a judgment on the verdict, although satisfied that if the court had tried the issues of fact it would have reached a different result.

As the case must be reversed and another trial be ordered because of the error in granting the defendants' request for a jury, it becomes necessary to consider certain questions of evidence. The defendants called Mrs. Frank Brown, who testified that she had a conversation with Mrs. Katie E. Brown, wife of William A. Brown, after the making of the alleged contract. The plaintiffs' brief states:

"The court permitted Mrs. Frank Brown, : . . to testify over the objection of plaintiff that she had a conversation with Mrs. Kate Brown, wife of William A. Brown, after the alleged contract in which she stated. She made the remark:

Rayl v. Brown.

"I said I wished we had a porch like that at home for our baby to play on and Aunt Kate spoke up and said, 'This will be yours some day.' That was all that was said and this statement was made in the presence of W. A. Brown.

"The court permitted Miss Ida Yaple, . . . to testify over the objection of plaintiff that Mrs. Katie Brown said: 'My husband has a nephew that we both think a good deal of and we expect him to have our property when we are done with it, that is Frank Brown, Mr. Brown's nephew.' "

Three other witnesses were permitted to testify to substantially the same effect.

The contention of the plaintiffs is that having produced evidence showing the terms and the making of the contract, there being no testimony offered to contradict either, the plaintiffs showed a vested right to their share of the property, and that testimony as to declarations made by William A. Brown and Katie E. Brown, long after the contract had been executed and partially performed was incompetent, mere hearsay testimony of declarations, and that it was offered for the purpose of contradicting the making of the contract. It is urged that the intention of William A. Brown and his wife could have no bearing on the right or merits of the case because they may have intended to breach the contract after they made it. And it is insisted that the evidence was considered by the jury and adopted by them as sufficient to overturn the evidence showing the making of the contract and that it was therefore most highly prejudicial. The theory is that if William A. Brown and his wife had been alive and had been parties to the action, they could not have testified to their intentions regarding the property because the declarations would be self-serving and be merely showing a purpose to violate the contract after it had been made.

The plaintiffs rely upon the rule as stated in *Gordon v. Munn,* 87 Kan. 624, 125 Pac. 1:

"It is the general rule that the declarations first referred to are admitted because against the interest of the declarant while those last referred to are rejected because self-serving." (p. 636.)

The plaintiffs rely also upon a statement in the case of *Pentico v. Hays,* 75 Kan. 76, 88 Pac. 738, in which case Mrs. Smith made and acknowledged a deed to Purley M. Smith for a tract of land. After the deed was recorded, it was kept

in the possession of the mother and never passed into the physical possession of the daughter, and Mrs. Smith continued in possession of the land until her death, and left a will devising all the land to Mrs. Pentico. The daughter, who was the grantee in the deed, then being of age, conveyed the land to Hays, who brought the action to recover possession of the 40 acres. On the trial of the case certain declarations of Mrs. Smith, of her purposes and intentions concerning the land were introduced in evidence, although the statements were made after the deed had been recorded. It was held that these statements not being a part of the *res gestæ* nor a declaration against Mrs. Smith's interest, when she held the title to the land, were hearsay and not admissible.

The rule upon which the plaintiffs base their contention is thus stated in 1 A. L. R. 1240:

"The well-settled rule of law is that the declarations against his own title of a former owner of property, either real or personal, made while in the possession thereof, are admissible not only against himself, but also against those claiming under him, but that a derogatory statement of a grantor made after parting with title, being hearsay, and not having the required guaranty of truth, is not competent evidence against the transferee, or those claiming under him, at least, in the absence of fraud or collusion. The question then arises, in cases where the title was passed without a monetary consideration, whether an exception to the hearsay rule can be based upon such lack of consideration. Few cases have expressly discussed this specific question, but it seems clear that the character of the consideration does not affect the rule as a rule of evidence."

The defendants contend that the testimony was admissible under the rule that declarations of the owner of land are always admissible in evidence as tending to show the character, nature or extent of his claim of possession. But the character, nature or extent of the possession of William A. Brown was never involved in the action. It was conceded that as the survivor of his wife he was entitled to the undisputed and exclusive possession of all the real estate as long as he lived. Moreover, the instruction which the court gave limiting the effect of the evidence shows clearly that it was not admitted under any such theory or rule. The court gave the following instruction:

"The jury are instructed that in considering the evidence of the defendants' witnesses as to statements made by William A. Brown or his wife, that such evidence is to be considered only in determining the ques-

Rayl v. Brown.

tion as to whether or not said William A. Brown, or his wife, made statements different from the statements testified to by defendants' witnesses as testified to by plaintiffs' witnesses."

The instruction is so involved that it is doubtful whether an ordinary jury would be able to understand what the court meant by it. It is argued by defendants that the petition charged undue influence in the execution of the will by William A. Brown. It seems to be conceded that that issue was abandoned by the plaintiffs at the trial, and no evidence was offered tending to show any undue influence. The evidence was therefore not admissible upon that theory and besides, the instruction shows that it was not admitted for any such purpose. The probabilities are that the manner in which the instruction is worded may have caused the jury to consider the evidence as to the contrary declarations as sufficient to disprove the making of the contract relied upon by the plaintiffs. These declarations being made long after the alleged contract, were self-serving and not admissible.

The complaint of the defendants concerning the admission of the testimony of those who were originally made plaintiffs but who had filed disclaimers need not be considered, even if meritorious, for the reason that no cross appeal has been taken.

The judgment is reversed and a new trial ordered.

MARSHALL, J. (dissenting): I dissent from the opinion written by Mr. Justice Porter and concurred in by the majority of the court. In my judgment, the parties were entitled to a jury as a matter of right under *Gordon v. Munn*, 83 Kan. 242, and kindred cases. The plaintiffs claimed to own one-half of the real property; the defendants claimed to own all of it. The controversy revolves around the ownership of the property. Before any accounting for rents and profits can be had, and before any trust can be imposed, the ownership of the property must be determined. That makes this a jury case under the rule that has been recently declared by this court.

JOHNSTON, C. J., concurs in this dissent.