No. 36,253

GERTRUDE TINKLER, *Appellee,* v. NANCY C. DEVINE and L. V. DEVINE, her husband; MARGARET C. DEVINE and V. J. DEVINE, her husband; G. M. JAQUISS and SADIE E. JAQUISS, his wife; THE ASBURY PROTESTANT HOSPITAL, *Appellants;* and L. C. HOUSEL, *Defendant.*

(154 P. 2d 119)

Opinion filed December 9, 1944.

*Morris Johnson,* of Salina, argued the cause, and *W. B. Crowther,* of Salina, was on the briefs for the appellant Asbury Protestant Hospital; *Rudolph Barta,* of Salina, was on the briefs for the appellants Devine and Jaquiss.

*V. E. Danner,* of Ellsworth, argued the cause for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for specific performance of a con-

tract to convey real estate. The defendants interposed a general demurrer to plaintiff's petition. This demurrer was overruled. Defendants have appealed.

The petition alleged that the plaintiff was a tenant in possession of a building and a lot in the city of Salina; that the lease contained the following clause:

"It is further understood and agreed that, if the landlords find a good faith prospective purchaser for said premises and are willing to sell same, the tenants shall have a first right to purchase said premises for the same price and terms that said purchaser may offer; and the tenants shall have seven (7) days from the date they are notified of said prospective sale in which to accept or reject the same. It is agreed that so long as this lease is in full force and effect, any sale of said premises by the lessors or any assignment of this lease by them shall be made subject to all of the rights of the lessee as set forth in said lease, and shall be binding on the purchaser of said premises or assignee of this lease."

The petition alleged further that about the first day of February, 1944, the owners of the lot advised plaintiff to pay her rent beginning that day to one L. C. Housel at the office of The Asbury Protestant Hospital; that defendant owners had never notified plaintiff that they had found a good faith prospective purchaser for the premises; that plaintiff had the first right to purchase the premises for the same price and terms upon which they had been sold to Housel; that plaintiff never at any time had an opportunity to reject or accept the offer of Housel.

The petition further alleged that about the 21st day of January, 1944, the defendants, V. J. Devine and Margaret C. Devine, his wife, and L. V. Devine and Nancy C. Devine, his wife, and George M. Jaquiss and Sadie Jaquiss, his wife, being the owners, conveyed the premises in question to The Asbury Protestant Hospital and that the deed had been recorded; that plaintiff first learned of this conveyance on February 5, 1944, and that the consideration named in the deed was one dollar; that plaintiff had at all times performed the terms and conditions of her lease and was willing and ready to perform them; that plaintiff did not know and had not been able to learn the sale price and terms of the sale to the hospital; that she desired to know such things and all the terms and conditions of the sale; that she had no adequate remedy at law and unless defendant owners were restrained from breaching their contract and the deed be set aside the plaintiff would suffer loss which could not be compensated in damages; that under the terms of the lease plaintiff was compelled to pay to the landlords $225 a month as rental and she

did not know and with diligence was unable to ascertain who were the true owners of the lease and premises; that therefore she tendered into court the sum of $225 for rent of the premises for the benefit of the true owners of the premises. The petition prayed that the deed to the hospital company be set aside; that defendants be ordered to inform her in writing of the price offered the defendants Devine and Jaquiss by defendants L. C. Housel and The Asbury Protestant Hospital and she be allowed to accept that offer and pay the money into court and receive from defendant owners a good and sufficient conveyance to the property. The lease was attached as an exhibit.

Before the answer day of this petition plaintiff filed a supplemental one. In this she made all the allegations of her original petition a part and then alleged that about the 21st day of March, 1944, she received from the defendants Devine and Jaquiss a notice in writing dated March 20, 1944. This notice was attached to the petition and was to the effect that the property had been conveyed to The Asbury Protestant Hospital about February 4, 1944. A reference was made to the clause in the lease, which has already been set out in this opinion. Reference was then made to the suit which had been filed and which has already been described here. The notice then stated that the Devines and Jaquisses desired to afford plaintiff an opportunity to purchase the premises on the same terms as they had been sold to The Asbury Protestant Hospital. A copy of the contract between defendants Devine and Jaquiss and the Hospital is attached to the notice. The notice stated that plaintiff was allowed seven days to accept or reject this offer pursuant to the terms of the lease. The contract provided for a purchase price of $21,000 less taxes for 1943 and also less a note secured by a mortgage on the premises in the sum of $8,000 and accrued interest of $66.88, and deposited to the account of The Farmers National Bank of Salina, Kan., and $5,000 to be paid upon the signing of the agreement and the balance on the approval of the abstract of title and delivery of a warranty deed, provided that the sellers were to furnish an abstract of title to the property within a reasonable time and the buyer was to have ten days for its examination. The contract also provided that the money to be paid the seller was to be held in the bank to indemnify the buyer against any lien that might be established on account of a suit that was then pending against the seller and that the title was to be a merchantable one except for the lien mentioned.

There was also attached to this notice a document referred to as "Consent and Ratification" wherein the hospital purported to ratify the offer on the part of the Devines and Jaquisses to the plaintiff. The supplemental petition then stated that on March 25, 1944, the plaintiff served a notice upon the Devines and Jaquisses and the Hospital and Housel, in which the plaintiff stated that she accepted the offer and elected to purchase the property upon the terms set forth in the notice and consent and ratification contract, which had been served on her on March 20th. The notice also advised the parties that plaintiff was ready, willing and able to execute a contract to purchase the real property on these terms and conditions and to perform all the covenants of it and called upon the parties to submit a contract in conformity with the contract that had been attached to the notice.

The supplemental petition also alleged that about the 4th of April plaintiff demanded of the attorney in fact for the defendants Devine and Jaquiss an agreement between them upon the same terms and conditions as the contract attached to the notice and that this attorney advised plaintiff that if she wanted an agreement she could draw it herself and submit it to him; that on April 5, 1944, plaintiff duly prepared a written agreement upon the same terms and conditions as the attached contract except that the purchaser was the plaintiff and plaintiff signed the original and four copies and delivered all five of them to the Devines and Jaquisses and requested their attorney to have them signed by them and one copy returned to plaintiff; that on April 17, 1944, attorney for the Devines and Jaquisses notified plaintiff that the agreement had been signed and immediately upon receiving this information and in accordance with the terms of the agreement plaintiff paid to the Farmers National Bank of Salina the sum of $5,000 upon the agreement and as a part of the purchase price; that the defendants had delivered to plaintiff a supplemental abstract of title to the premises but it was not a full and complete abstract and plaintiff was not able to tell whether or not the title was merchantable; that on the 18th of April, 1944, plaintiff demanded of the attorney for the Devines and Jaquisses a copy of the agreement signed by them and the attorney refused to deliver it to the plaintiff; that plaintiff had performed all the terms of the contract which were necessary to be performed and the defendants had refused to deliver to plaintiff her copy of the agreement or to deliver to her for her attorney's examination a

complete abstract of title; that previous to the filing of her petition she had paid rent under the terms of her lease for the month of February to the Devines and Jaquisses and by reason of election to exercise her option this money paid for rent should be returned to her as the owner of the premises from January 17, 1944.

In this supplemental petition plaintiff prayed for the same relief asked in her original petition and that the Devines and Jaquisses be ordered to deliver her a duplicate of the agreement between the defendants and plaintiff, to which reference has been made, and a complete abstract of title to the property and upon approval of the title that defendants be ordered to deliver a deed to the property to her and that plaintiff have credit upon the purchase price for all monies paid by her as rent since January 17, 1944.

To this petition The Asbury Protestant Hospital filed a motion to make more definite and certain on June 2, 1944. This motion was overruled. Subsequently the plaintiff filed an amended supplemental petition in which she made all of the allegations of her petition a part thereof and in which she alleged in addition that on the 18th day of April, 1944, she had advised the attorney in fact for the defendants Devine and Jaquiss and The Asbury Protestant Hospital that she had $5,000 on deposit in the bank which she was ready to pay to the bank in accordance with the agreement signed by herself and defendants, Devine and Jaquiss, and demanded of defendants' attorney a copy of the agreement so that she could deposit this agreement with the bank in order to carry out her acceptance of the offer, but that the attorney for the defendants refused to deliver a copy of this agreement to her and said he would not permit the hospital to convey the land back to the Devines or anyone else unless plaintiff would pay the hospital interest on the money it had borrowed, and also pay the hospital rent from the date of its deed to the premises. This supplemental petition, as amended, also alleged in addition that the plaintiff had performed all of the terms of the agreement referred to and defendants had refused to deliver to plaintiff a copy of the agreement and a complete abstract of title to the premises; that she was willing and had been willing since April 5, 1944, to perform any of the conditions of the agreement.

To the petition and amended supplemental petition The Asbury Protestant Hospital filed a demurrer on the grounds that such petitions did not state facts sufficient to constitute a cause of action;

that the court did not have jurisdiction of the subject matter; that the lease in so far as it pertained to the real estate in dispute was in violation of the statute of frauds; that the contract lacked mutuality and was without consideration and pleaded a misjoinder of actions and that the petition showed that the hospital was the owner of the real estate and there were no reasons alleged why the deed to it should be set aside and that petition and amended supplemental petition showed that the plaintiff had never accepted the sale of the real estate to the hospital and had not paid or tendered payment according to the terms of the contract.

The defendant hospital also filed a motion to strike the amended supplemental petition from the files for the reason that it was filed without leave having been first obtained from the court; that it was filed while defendants' demurrer was pending against the original petition and supplemental petition; that it stated a separate cause of action than that stated in the original petition, and for the further reason that it contradicted plaintiff's petition and supplemental petition. This motion and the demurrer were both overruled and the defendant hospital has appealed.

It will be noted that the petition, supplemental petition and amended supplemental petition were made necessary because the situation changed from time to time before the issues were formed. It is clear the defendants realized that the plaintiff had an option to purchase the property on whatever terms it was offered to another purchaser. The question in the case is whether according to the allegations of the petition she availed herself of this option. She endeavored to do so or she would not be pressing this action.

The hospital first points out that the option clause in the lease provided that plaintiff had seven days from the date she was notified of the prospective sale to accept or reject the right to purchase. It argues that under the allegations of the petition she did not accept this offer in seven days.

The petition alleges that notice was given plaintiff on March 21, 1944, that the sale had been made. A copy of the contract between the vendors and the hospital was attached to this notice. On March 25 plaintiff served notice on all the parties she wished to purchase the property on the terms stated in the contract. Defendants make the point that she did not make the down payment of $5,000 within the seven days. It was not necessary that she do so. She was bound to accept or reject the offer within seven days but once having ac-

cepted it she had a reasonable time within which to make the down payment. See 27 R. C. L. 344, §41. This option did not require that the down payment be made at the time the offer was accepted.

The hospital argues that plaintiff notified defendants that she was accepting the offer, but that instead of accepting the contract as written she wanted another contract. It is difficult to see any foundation for this argument. From the time of the filing of the first petition plaintiff according to her pleading used every effort to cause a contract to be signed by the parties. Defendants state that plaintiff was demanding a new and different contract. According to the petition the contract asked by plaintiff was in exactly the same terms as the one into which the parties had entered. Plaintiff had a right to have a contract signed by the parties before she made any down payment. The defendants did everything in their power to prevent her from having such a contract.

Defendants argue that plaintiff pleaded a different cause of action in her petition, supplemental petition and amended supplemental petition. This argument is not good.

Defendants next argue that the option clause lacks mutuality and definiteness. This point is not good. The validity of such an option has been upheld. See *Marske v. Willard*, 169 Ill. 276, 48 N. E. 290; *Slaughter v. Mallet Land and Cattle Co.* (1905 C. C. A. 5th), 141 Fed. 282; writ of certiorari denied in (1909) 201 U. S. 646, 50 L. Ed. 903, 26 S. Ct. 761.

Defendant hospital argues that although the defendants Devine and Jaquiss had entered into a new contract with plaintiff, neither plaintiff nor the defendants Devine and Jaquiss could expect to enforce it against the hospital because the defendants Devine and Jaquiss had already conveyed the property to the hospital and could not perform the contract.

This argument is not good for the reason that the plaintiff was the tenant in possession under her lease and the purchaser took the property with notice of her rights. See 66 C. J. 1176, § 1021; *Deetjen v. Richter*, 33 Kan. 410, 414, 6 Pac. 595; *Johnson v. Clark*, 18 Kan. 157; *School District v. Taylor*, 19 Kan. 287; *Greer v. Higgins*, 20 Kan. 420; also Notes in 50 A. L. R. 1315, 1317.

Defendant hospital argues that its motion to strike the amended supplemental petition from the files because it was filed while defendant's demurrer to the petition and the supplemental petition was pending should have been sustained.

The defendant waived any such objection when it filed its demurrer to the amended supplemental petition.

There were other grounds stated in the demurrer of the hospital but they are not urged here.

So far this opinion has dealt with the separate appeal of The Asbury Protestant Hospital. There were other defendants who have appealed. One group of defendants is composed of G. M. Jaquiss and Sadie Jaquiss, his wife; Nancy C. Devine, L. V. Devine, Margaret C. Devine and V. J. Devine, who were all nonresidents of this state when the action was commenced. The other defendants were L. C. Housel and The Asbury Protestant Hospital, who were both residents of Saline county.

The plaintiff secured personal service on the hospital and Housel, and service by publication on the Devines and Jaquisses.

The defendants Devine and Jaquiss appeared specially and filed a motion to quash the service on them for the reason that it was a personal action seeking specific performance and personal judgment on constructive service by publication. This motion was overruled. They also filed a motion to dismiss the action because they were residents of Missouri and it was an action for specific performance which must be brought in the county where the defendants might be personally summoned. This motion was overruled. From the order of the trial court overruling these motions these defendants have appealed.

There are several answers to their argument. In the first place G. S. 1935, 60-510, provides as follows:

"An action to compel the specific performance of a contract for the sale of lands situated in the state of Kansas may be brought in any county where the land or any part thereof is situate, or in any county where the defendant or any one of the defendants may reside."

In the second place such orders are not appealable. See *Reynolds v. Bank,* 66 Kan. 461, 71 Pac. 847, and *Oil Co. v. Beutner,* 101 Kan. 505, 167 Pac. 1061. In the third place, counsel for these appellants appeared in open court and requested the court to give them time to plead. This was tantamount to an entry of appearance. See *Meixell v. Kirkpatrick,* 29 Kan. 679; *Carr v. Catlin,* 13 Kan. 393; also *Moses v. Hoffmaster,* 64 Kan. 142, 67 Pac. 459. This action was brought in Saline county, where the land is located.

G. S. 1935, 60-2525, provides, among other things, that service may be made by publication under the 56th section of the code.

This section is now G. S. 1935, 60-510. These sections are sound authority for the overruling of these motions. See *Orr v. Thomas,* 105 Kan. 624, 185 Pac. 1046.

The judgment of the trial court is affirmed.