No. 40,796

DEERING J. MARSHALL, *Appellee*, v. VERNAL DUNCAN, *Appellant*.

(322 P. 2d 762)

Opinion filed March 8, 1858.

*Richard M. Driscoll* and *Jerry E. Driscoll,* both of Russell, were on the briefs for the appellant.

*P. K. Smith, F. C. McMaster* and *Wm. P. Higgins,* all of Wichita, and *Glenn V. Banker* and *John C. Woelk, Jr.,* both of Russell, were on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for specific performance of a real estate contract. Defendant appeals from adverse rulings on his various motions and his demurrer to plaintiff's petition, all of which will be discussed below.

A summary of the pertinent allegations of plaintiff's petition follows: It was alleged that Deering J. Marshall, plaintiff (appellee), a resident of Sedgwick county, and Vernal Duncan, defendant (appellant), a resident of Trego county, executed a written contract, under the terms of which plaintiff agreed to sell and defendant agreed to buy, for the sum of $159,000, approximately 2,360 acres of land located in Russell county. A copy of the contract was attached and made a part of the petition.

At the time of the execution of this contract, plaintiff owned all of the real estate, with the exception of 160 acres, title to which stood in the heirs of John P. Ruppenthal, deceased. The contract provided that it was subject to and dependent upon plaintiff's obtaining title to this quarter section of land and in the event he was unsuccessful, defendant could terminate and cancel the contract. Further provisions of the contract called for plaintiff's submitting abstracts of title for examination by the defendant or his attorneys and his executing a warranty deed to all the property, the deed, together with the abstracts of title, to be deposited with the Home State Bank of Russell and delivered to defendant at the time he completed payment on the land.

The petition further alleged that in accordance with the contract plaintiff did acquire for delivery to defendant title to the Ruppenthal quarter section. Thereafter, at defendant's request, plaintiff delivered abstracts of title to all the land for examination by defendant's attorneys, who then made certain requirements which were met by plaintiff within a reasonable time. Title to all the real estate described in the contract was approved as merchantable by defendant's attorneys, and in full compliance with the terms and conditions of the contract plaintiff delivered a warranty deed to all the land, properly executed by him and his wife, for deposit in escrow in the Home State Bank in Russell.

It was also alleged that plaintiff had obligated himself to pay a sum in excess of $17,000 for the purchase of the Ruppenthal quarter section, as well as a further sum for real estate commission, and had canceled an existing lease on said property—all in order to deliver possession as promised.

It was further alleged that the plaintiff had complied with all the terms and conditions of the contract, but that defendant had failed and refused to comply therewith. Plaintiff therefore sought to compel specific performance of the contract and to recover from defendant the purchase price of the land as contracted. He asked for further relief as the court might deem just and equitable.

It is first contended that the trial court erred in overruling defendant's motion to quash the service of summons. This motion was based on the grounds that the action was brought in Russell county and defendant was served with summons at his residence in Trego county, and that the action was one *in personam*, plaintiff asking not only for the specific performance of the contract for the sale and purchase of land but, in addition thereto, for judgment against the defendant for damages.

G. S. 1957 Supp., 60-510 provides that an action to compel the specific performance of a contract for the sale of land or any part thereof may be brought in any county where the land or any part thereof is located, or in any county where the defendant or any one of the defendants may reside.

G. S. 1949, 60-2502 provides that where the action is rightfully brought in any county according to the provisions of article 5 [60-510], a summons may be issued on the plaintiff's praecipe to any other county against any one or more of the defendants. The instant action was one for specific performance of the contract for the sale of land situated in Russell county. The action was therefore properly brought in that county and the defendant was correctly served in Trego county. (*Tinkler v. Devine*, 159 Kan. 308, 154 P. 2d 119.)

Moreover, in actions for specific performance of a contract concerning realty, it is a well-established practice to ask in the alternative for money damages, providing the court finds it inequitable or impossible to compel specific performance. In all such cases the action is purely equitable and the court has power to grant full relief. (*Brush v. Boyer*, 104 Kan. 168, 178 Pac. 445; *Orr v. Thomas*, 105 Kan. 624, 185 Pac. 1046.)

In his brief defendant devotes much argument to the ground that the trial court should have sustained his various motions to make the petition definite and certain, to strike, and to separately state and number the causes of action. It is now an elementary rule of law in this state—which should need no further reiteration—that a motion to make definite and certain lies only when the pleading attacked is so indefinite and uncertain that the nature of the charge or defense is not apparent. (G. S. 1949, 60-741.)

In *Parrack v. Wittman,* 180 Kan. 193, 302 P. 2d 1005, we said:

"This does not mean indefinite and uncertain according to the refinements and technicalities of the common-law system of pleading. A pleading is sufficient as against a motion, which fairly apprises the adversary of what the claim or defense is. In the early days of the code, while the court still rested under the spell of the refinements and technicalities of the common-law system of pleading, the motion to make definite and certain was a formidable weapon, because definiteness and certainty then meant dividing between the north and northwest portions of a hair. The true meaning of the code expression, 'so indefinite and uncertain that the nature of the charge or defense is not apparent,' was not grasped. Now that pleadings are regarded according to their true purpose of fairly apprising the adversary of what the claim is to be, the function of the motion is much restricted. (*Republic County v. Guaranty Co.,* 96 Kan. 255, 150 Pac. 590; *Morris v. Dines Mining Co.,* 174 Kan. 216, 221, 256 P. 2d 129; *Gillen v. Stangle,* 175 Kan. 364, 264 P. 2d 1079.) Moreover, where the only purpose to make a petition definite and certain is to require plaintiff to plead his evidence, it should be overruled. (*Scott v. Shewell,* 100 Kan. 466, 164 Pac. 1061.) It is also the rule that an order of the trial court overruling motions to make a petition more definite and certain, and to separately state and number, rests in the sound discretion of the trial court, and from rulings thereon an appeal does not ordinarily lie, unless it appears a ruling prejudiced or will prejudice the substantial rights of a party. (G. S. 1949, 60-741 and 60-3317; *Sanders v. Visser,* 165 Kan. 336, 338, 194 P. 2d 511; *Nelson v. Schippel,* 143 Kan. 546, 56 P. 2d 469; *Lessley v. Kansas Power & Light Co.,* 171 Kan. 197, 201, 231 P. 2d 239.)"

For a few of our very recent cases enumerating the various rules, see *Meek v. Ames,* 175 Kan. 564, 266 P. 2d 270; *Smith v. Wright,* 180 Kan. 584, 305 P. 2d 810; *Sherk, Administratrix v. Sherk,* 181 Kan. 297, 299, 310 P. 2d 899; *Nausley v. Nausley,* 181 Kan. 543, 313 P. 2d 302.

In *Nelson v. Schippel,* 143 Kan. 546, 547, 56 P. 2d 469, we said that it had been frequently held that motions to strike, to make definite and certain, and to separately state and number rest in the discretion of the trial court, from whose rulings appeal does not ordinarily lie; that unless it is shown such alleged error prejudices the substantial rights of the party, it will not be reversed. G. S.

1949, 60-741 provides that if a pleading contains several causes of action or different defenses, a court or a judge may, in his discretion, require them to be separately stated and numbered. This present action was one for specific performance. It was therefore proper to plead in the alternative and ask damages for nonperformance or for other equitable relief. The petition states but one cause of action. (*Henry v. McKittrick,* 42 Kan. 485, 22 Pac. 576; *Owen v. Christopher,* 144 Kan. 765, 770, 62 P. 2d 860; *Nelson v. Schippel,* supra.) Even assuming that it stated more than one cause of action, the trial court did not abuse its discretion in overruling defendant's motion. (*Nelson v. Schippel,* supra.) Defendant's various motions being without substantial merit, the court did not err in overruling each of them.

Defendant contends that the petition failed to allege facts sufficient to state a cause of action and the trial court erred in not sustaining his demurrer thereto. He argues that the contract is executory and lacks mutuality and that he had an option to terminate the contract; that for these reasons the contract is void. Virtually all of defendant's argument is directed to the clause in the contract wherein plaintiff agreed to deliver to defendant the Ruppenthal quarter section of land after acquiring title thereto and that if he could not do so, defendant would have the right to terminate the contract.

A review of the pleadings, of which the contract is a part, fails to sustain defendant's contention. The allegations of the petition show that plaintiff did acquire the Ruppenthal land for delivery to defendant and did deliver abstracts of title therefor to defendant's attorneys for examination, as requested by defendant; that thereafter title to all of the real estate described in the contract, including the Ruppenthal land, was approved as merchantable by defendant's attorneys. Subsequently, plaintiff deposited with the named escrow holder a warranty deed, properly executed by him and his wife, which conveyed merchantable title to all the real estate to defendant. He then notified defendant that the conditions of the contract had been met *in toto.* Moreover, the plaintiff obligated himself in excess of $17,000 for the procurement of the Ruppenthal land. On February 10, 1956—the date the instant action for specific performance was filed—defendant had obtained from plaintiff full performance of the contract as required.

There was nothing left to be done by anyone but the defendant. Whatever want of mutuality there may have been in the contract,

it is now of no consequence. Plaintiff executed his part of the contract; he supplied everything defendant desired. Want of mutuality is not a defense to an action for specific performance where the party seeking the relief has fully fulfilled all the conditions of the contract. (*Burnell v. Bradbury*, 67 Kan. 762, 74 Pac. 279.)

It is stated in 17 C. J. S. Contracts § 100 c., d. that want of mutuality is no defense in the case of an executed contract and a promise lacking mutuality at its inception becomes binding on the promisor after performance by the promisee. Although there is a lack of mutuality in the beginning, this may be cured by the other party subsequently binding himself also by promise or act. (13 C. J. Contracts §§ 181 (3), 182 (4).)

In the somewhat analogous case of *Nelson v. Schippel*, supra, we stated that while mutuality is an essential element of every valid contract, the possible want of it was completely cured by subsequent prompt performance on the part of the plaintiff; thereafter, the contract was no longer executory and former lack of mutuality, if it in fact existed, was no defense to the executed contract. We further approved the statement of law that "requirement of mutuality of remedy, authorizing specific performance, is satisfied, if mutuality exists at time suit is filed." The before-mentioned rules, as enumerated in *Nelson v. Schippel*, supra, have been reiterated by this court in recent decisions. See *Troutfetter v. Backman*, 165 Kan. 185, 190, 191, 193 P. 2d 201; and *Sinclair Prairie Oil Co. v. Worcester*, 167 Kan. 194, 209, 205 P. 2d 942. In *Heckard v. Park*, 164 Kan. 216, 223, 188 P. 2d 926, we said:

"Absence of inceptive mutuality constitutes no defense to the enforcement of an executed contract."

(*Ryan v. Ryan*, 156 Kan. 348, 355, 133 P. 2d 119; *French v. French*, 161 Kan. 327, 331, 167 P. 2d 305.) In *Kilmer v. Victory Sand & Stone Co.*, 153 Kan. 381, 110 P. 2d 798, we stated that possible lack of mutuality of obligation of a contract is not a defense against the enforceability of an executed contract.

In view of what has been said, it follows that the petition stated a cause of action for the specific performance of the contract and defendant's demurrer thereto was properly overruled. The judgment is affirmed.

It is so ordered.