No. 20,619.

S. R. Scott, *Appellee*, v. J. E. Shewell et al., Partners as Shewell Produce Company, *Appellants*.

SYLLABUS BY THE COURT.

1. Pleadings—*Motion to Petition—Properly Overruled.* Where the only purpose of a motion to make the petition more definite and certain is to require plaintiff to plead his evidence, it should be overruled.

2. Partnership—*Accounting—Pleading and Proof—No Variance.* In a suit for an accounting between partners, *held*, there was no variance between the petition and the evidence which changed the cause of action to one to recover damages for defendant's failure to carry out the terms of a settlement.

3. Same—*Findings—Conclusions of Law—Evidence.* The findings of fact and conclusions of law are found to be sustained by sufficient evidence.

Appeal from Woodson district court; Oscar Foust, judge. Opinion filed May 12, 1917. Affirmed.

*F. J. Oyler*, of Iola, for the appellant.

*S. C. Holmes*, of Yates Center, for the appellee.

The opinion of the court was delivered by

Porter, J.: The action was for an accounting between partners. The answer alleged payment to plaintiff of $400 and his acceptance thereof in full settlement of all claims. In a cross-petition defendant alleged that plaintiff was indebted to him for goods and merchandise received, for moneys paid upon shares owned by plaintiff in a building and loan association, and for moneys loaned to him.

The reply admitted receiving groceries and living expenses out of the partnership business for plaintiff's family, and alleged that this was by agreement of the partners, and that defendant provided for himself and family out of the partnership stock and had received thereby a sum in excess of that received by plaintiff. It denied a full settlement though admitting the payment of $400, and alleged that defendant refused to comply with the agreement at the time plaintiff withdrew from the business. The claims set up in defendant's cross-petition were denied.

The case was tried by the court and findings of fact made from which the court adjudged that there was due from defendant to plaintiff the sum of $348.29, for which judgment was rendered in plaintiff's favor. The defendant appeals.

We are unable to find anything substantial in the contention that the court committed error in the trial of the cause. There was a motion to require the petition made more definite and certain, based upon a number of grounds. The court sustained three of the grounds and overruled the rest. It is seriously argued that it was error to refuse to require the petition to state how much capital defendant invested in the business and to allege in what manner and from what source plaintiff obtained the money he invested. The defendant presumably had the best information as to his own business affairs, and he was not concerned as to the source from which plaintiff's capital was acquired. Other grounds of the motion merely sought to compel plaintiff to plead the evidence upon which he intended to rely.

The record does not disclose what the opening statement of counsel for plaintiff was, but the court was right in overruling an objection to proceeding further, based upon the contention of a variance between the statement and the petition.

The plaintiff is the son-in-law of the defendant. For years the defendant had conducted a produce business at Neosho Falls. He desired to have his daughter, wife of the defendant, near him, and finally induced his son-in-law to give up his position in Texas, where he then resided, and to return to Kansas and take an interest in the business. The partnership continued from June, 1912, until August, 1914, when the plaintiff, on account of differences with other members of defend-

ant's family, withdrew from the business. In attempting to settle the partnership affairs a family quarrel developed. We can not concur in the statement that "there was no testimony whatever to sustain the findings of fact made by the court." Each of the facts found by the court appears to be well sustained by proof. It would serve no useful purpose to quote the evidence.

The principal complaint of the defendant is that the petition contained no averment of any attempted settlement and that the cause was therefore not one for an accounting, but an action to recover damages for defendant's failure to comply with the terms of a settlement. The court properly took the view that it was an action for an accounting between partners, and the fact that a tentative agreement was entered into for a settlement, and afterwards fell through, did not change the nature of the action.

We find no error in the record and the judgment is affirmed.