No. 30,795.

THE BARNSDALL REFINING COMPANY, *Appellant*, v. THE IOLA CITY OIL AND SUPPLY COMPANY and R. W. WHITEHEAD, *Appellees*.

(20 P. 2d 473.)

Opinion filed April 8, 1933.

*F. J. Oyler, G. R. Gard,* both of Iola, *John M. Cleary* and *Sloane Turgeon,* both of Kansas City, Mo., for the appellant.

*Frederick G. Apt* and *A. R. Enfield,* both of Iola, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was commenced by plaintiff to obtain three kinds of relief: First, to recover on an account for the price of petroleum products furnished to a filling station; second, to enjoin breach of a contract relating to operation of the filling station; and third, to recover damages suffered from breach of the operating contract. Plaintiff also commenced a separate action against White-

head alone for the same kinds of relief, based on transactions relating to operation of another filling station. The cases were consolidated for trial, and injunction was denied. The court rendered no money judgment, and plaintiff appeals in the case against the Iola City Oil and Supply Company and Whitehead. The contention is the court should have rendered judgment in favor of plaintiff on the account.

In each case plaintiff verified its petition, setting up an itemized account which was confessedly incorrect. Regarding the injunction feature of the cases of primary importance, defendants answered fully respecting that subject, but they came to the trial unprepared to meet the actions on account. After discussion between court and counsel it was agreed the trial should proceed on the injunction issues only. Plaintiff had witnesses present to testify concerning the accounts, and to save trouble and expense of bringing them back they were permitted to give their testimony. The witnesses admitted the accounts in both cases were wrong. In the Whitehead case the testimony was that instead of Whitehead owing plaintiff, plaintiff owed Whitehead a sum of money. In the other case the testimony was that defendants owed plaintiff more than the sum claimed in the petition. Plaintiff asked leave to amend both petitions to conform to the proof, and leave to amend was granted. There the trial stopped so far as the actions on account were concerned.

Before plaintiff examined his witnesses with respect to the accounts, it was understood, as counsel for plaintiff expressed it, there would be no trial of the question "of who owes who and how much." In the course of the proceeding Whitehead indicated that plaintiff owed him more money than plaintiff admitted. Whitehead also stated he had a claim for damages against plaintiff which he desired to present by way of cross petition, but he was not ready to plead. Of course the unverified amended petition in the other case was not answered. At the conclusion of the evidence relating to the accounts, it was understood by counsel for both sides that questions relating to indebtedness were reserved, and the court made the following announcement:

"All right, we will go ahead and consider the matter on the question of equity only, and not on the money judgment part of it."

The trial then proceeded on what had been called the equity feature of the cases only. The journal entry of judgment reads:

"It is by the court considered, ordered and adjudged:

"First. That the plaintiff's petition for an injunction be and is hereby denied.

"Second. It is further considered, ordered and adjudged that the plaintiff do not recover herein, and that the defendants recover of plaintiff their costs. . . ."

In announcing its decision the court said:

"Your application for injunction is denied because you have not made out a case nor any reason therefor."

The court then proceeded to discuss the equity feature of the cases only, and concluded as follows:

"Therefore, your application for affirmative relief by way of a money judgment is not considered for the reason you cannot join an action in law with an action for relief in equity, and no judgment is rendered thereon. Your application for an injunction is denied."

In this court plaintiff abandons its appeal so far as the injunction feature of the judgment is concerned. The result is, the only portion of the case which was tried is eliminated from consideration, and the only claim of error is that a money judgment was not rendered on the account feature of the case, which was not tried.

The code of civil procedure provides that the plaintiff may join causes of action both legal and equitable in the same petition whenever, except in suits to foreclose mortgages, the causes of action affect all the parties to the action. (R. S. 60-601.) The Whitehead case is a typical case of proper joinder of causes of action for legal and equitable relief, and it would be very strange if the court intended to deny judgment in favor of Whitehead, enforcing a liability admitted by plaintiff's amended petition, just because plaintiff made a procedural mistake at the beginning. There was a misjoinder in the other case. Whitehead was not charged with liability on the oil and supply company account. The misjoinder, however, was waived by defendants in two ways. They did not raise the question of misjoinder by demurrer or by answer (R. S. 60-707), and defendants themselves proposed that the causes of action on the accounts in both cases should not be tried until after determination of the equitable feature of the cases, and defendants had opportunity to plead. The result is, the actions on the accounts were before the court, but at the conclusion of the equity hearing they were not before the court for determination on any ground.

It was perfectly proper for the court, at the conclusion of the equity hearing, to order that plaintiff should not recover a money

judgment. The true reason was that the action for money judgment had not been tried, except that, as indicated, some testimony was heard out of order, to accommodate plaintiff. After reading the entire transcript, this court is in some doubt about the position of the district court relating to misjoinder of causes of action for legal and equitable relief. There are indications in the record the court had in mind the inconsistency in pleading breach of a contract and reliance on the breach as a basis for relief by way of damages, and then praying for injunction to prevent breach. In any event, this court declines to interpret the judgment which was rendered as referring to anything except what, by clear agreement of counsel and by consent of the court expressly declared, was submitted for determination. The result is that when issues are made up, the court will proceed with trial of the actions to recover on the accounts.

Because the appeal is abandoned with respect to the only matter which the court did try, and the only matter which this court holds the district court did determine, the appeal is dismissed.