No. 37,165

ALONZO SANDERS, *Appellee*, v. MARTIN VISSER and MARTHA VISSER, *Appellants*.

(194 P. 2d 511)

Opinion filed June 12, 1948.

*Justus N. Baird,* of Kansas City, argued the cause, and was on the briefs for the appellant.

*Marion C. Miller,* of Kansas City, argued the cause, and *Edw. A. Benson, Jr.,* of Kansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Hoch, J.: The plaintiff prevailed in an action to have an instrument in form a warranty deed with reservation of a life estate in the grantor declared to be a mortgage. The appellants contend that causes of action were improperly joined in the petition, and that the finding that the instrument was intended to be a mortgage was erroneous because not supported by a clear preponderance of the evidence.

In his petition, filed January 16, 1947, the plaintiff alleged that in September, 1942, he was the owner and in possession of certain city property in Kansas City, Kansas, of a value of about $2,500; that taxes upon the property were delinquent and in order to secure money to pay them he borrowed from defendant Martin. Visser $213.87 which was paid to the county treasurer in full payment of taxes due for 1941 and prior years; that in order to secure payment of the loan he executed and delivered to the defendants on September 24, 1942, a warranty deed subject to a life estate in himself which deed was intended by both parties to be a mortgage only, as security for repayment of the loan; that continuously since that time he had occupied the premises covered by the instrument, had made permanent improvements thereon, including a new roof, all of which he had paid for; that he had made many payments to Visser on the loan and had repeatedly offered to pay him the balance of the loan, but that the defendant refused to account with him as to the amount still due and had refused to convey the property to him; that he was ready to pay whatever might be due on the loan and would pay the money into court for that purpose; that the sole interest of the defendant Martha Visser as one of the grantees in the deed was as wife of Visser. He asked determination of the amount due the defendant and that upon payment thereof defendants be required to convey the property to him.

Defendants filed a motion to require the plaintiff to separately state and number causes of action set out in the petition. The motion was overruled and they then demurred to the petition on the grounds that it contained causes of action improperly joined, and a confusion of theories upon which relief was sought, and that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and in an answer, unverified, defendants alleged that the plaintiff voluntarily gave the property to them, the

warranty deed being evidence of the gift; that they had paid the taxes assessed against the property and that the plaintiff's "original cause of action" was barred by the statute of limitations. The latter contention is not now urged. The reply was a general denial.

The action went to trial on October 16, 1947, and at the conclusion of plaintiff's evidence the defendant moved for judgment on the pleadings, the opening statement of counsel for the plaintiff, and upon the evidence. The motion being overruled, the defendants rested. Whereupon the court held that the instrument was an equitable mortgage to secure a debt of $213.80, upon which there was a balance due of $91.63, and the plaintiff was given thirty days to redeem, by payment of the full amount due, and upon such redemption the deed should be canceled and the defendants were directed to execute an absolute deed of conveyance to the plaintiff and if they failed to do so, the judgment should operate as such conveyance. Motion for new trial was made and overruled and this appeal followed.

The motion to separately state and number, and the demurrer to the petition were properly overruled. We find no confusion of theories in the petition. Plaintiff clearly alleged that the instrument was intended by the parties only as security for the loan, and that he had repeatedly offered to pay the amount still due on the loan, and asked that upon payment of the amount found to be due, defendants be required to convey the property to him. There was, in substance, only one cause of action. Moreover, a motion to separately state and number rests in the sound discretion of the trial court, and appeal does not ordinarily lie unless it appears that substantial rights of a party have been prejudiced by the ruling. (G. S. 1935, 60-741 and 60-3317; *Nelson v. Schippel,* 143 Kan. 546, and cases cited pp. 547 and 548, 56 P. 2d 469; *Mullarky v. Manker,* 102 Kan. 92, 96, 170 Pac. 31.)

It is well settled that where an equity court has obtained jurisdiction of a controversy it ordinarily and properly retains jurisdiction for the purpose of determining all issues with respect to the subject matter. This rule has been specifically applied to actions to determine whether instruments purporting to be deeds are, in fact, mortgages. (*Hess v. Hess,* 164 Kan. 139, and cases cited p. 143, 187 P. 2d 383.) Determination of the amount of the unpaid balance due on the loan was incidental to the main issue.

The principal contention of appellants is that the plaintiff's evi-

dence did not constitute that degree of proof which is necessary in a proceeding of this nature. On this point, our attention is called to *Winston v. Burnell,* 44 Kan. 367, 24 Pac. 477. In that case the defendant contended that a certain instrument in the form of a warranty deed was intended as a mortgage to secure an indebtedness to the plaintiff. We there upheld an instruction that "the burden of proving by preponderance of the evidence that said deed was intended only to secure the payment of money rests upon the defendant; and unless he has proved this by a *clear* preponderance of the evidence, you will find for the plaintiff." (p. 369.) That rule has been repeatedly approved in later cases. (*Klusmire v. Dixon,* 150 Kan. 871, and cases cited, p. 875, 96 P. 2d 634.) Appellants also cite *Waddle v. Bird,* 122 Kan. 716, 253 Pac. 576, and *Brundige v. Blair,* 43 Kan. 364, 23 Pac. 482, both of which related to reformation of contracts in which it was said, following many previous cases, that to warrant reformation of the instrument the proof must be clear and convincing. Strictly speaking, the instant action was not to reform a written instrument, but was to effectuate the intent of the parties as to the nature of the instrument when it was executed. However, the cases cited are consistent with the rule above stated.

It may be added that this rule that parties seeking to have an instrument, in form a deed, declared to be a mortgage, must establish such an intention of the parties by a clear preponderance of the evidence, is a rule for the guidance of the trial court, and on appeal the appellate court will assume that the trial court knew and applied the rule. (*Jones v. Jones,* 161 Kan. 284, 167 P. 2d 634; *Klusmire v. Dixon,* supra, and cases cited, p. 875.) Indeed, the court's statement, at the time judgment was entered and the evidence upon which it was based, indicate that the court did apply the rule.

In determining as between the parties whether an instrument, in form a deed, is to be regarded as an absolute conveyance or as a mortgage, the ordinary test is whether there continued to be a debt which the instrument was intended to secure. (*Hess v. Hess,* supra, and cases cited, p. 141.) In the instant case the evidence consisted of the depositions of the plaintiff and of the attorney who drew the instrument. The defendants offered no evidence. It is unnecessary to recite plaintiff's testimony in full. He testified that in September, 1942, he was over seventy years of age, in poor health; that taxes were not paid on the property and that he had been unable to

borrow the money to pay them; that defendant offered to pay the taxes in full, to be repaid in a certain amount each month with five percent interest on unpaid balances; that the defendant agreed to accept payments of $10 a month and that he had paid him that much each month with the exception of one month when he paid $5. An exhibit was introduced consisting of receipts from defendant Visser showing a monthly payment on February 1, 1943, of $5 and twenty-three other monthly payments of $10 each, making a total of $235. Also an exhibit showing the following statement in defendant's handwriting:

"Statement from 24 Sept. 1942 till 24 Sept. 1943 a loan from Martin Visser 953 Tenney Ave. Kansas City, Kansas to J. A. Sanders at 737 Tenney Ave. K. C. K.",

followed by statement of taxes and interest each year from 1936 to 1941, inclusive, and other items not necessary here to recite. The trial court found that subsequent to the loan of $213.80 the defendant Visser had paid additional taxes of $112.83, making a total of $323.63 upon which the plaintiff had paid $235, leaving a balance due of $91.63 with interest at five percent. The appellants have not here attacked the computation. The attorney who had prepared the instrument in September, 1942, testified, in substance, by deposition, that when the attorney for the plaintiff talked to him after the suit was filed, he was unable to place the incident in his mind, and was unable to recall the transaction until he was shown the instrument and examined its contents; that he then recalled that two men, one of whom was the plaintiff, came to his office and he was told that they wanted a deed prepared; that to the best of his recollection, Mr. Visser asked him if he would draw a deed for them; that the deed was prepared under his direction and, before it was signed, he told Sanders that it was the ordinary form of warranty deed conveying his interest in the property, and explained to him the meaning of the clause which reserved a life estate to him; that he recalled from their conversation the men had had some transactions but could not recall the details, but they had to do with money matters between them at that time. After hearing this evidence the trial court stated, in part:

"What were these payments for if he was taking a deed to the property? It was up to him to take care of that property and do the maintenance, and all that. He was going to get his compensation after this man passed away. But he keeps collecting money all the time, and that shows it is a debt. That is one of the very strong points in favor of the plaintiff. And this endorsement

on one of those receipts—that shows he was putting this money on a loan—what loan—the loan covered by the deed. No other loan."

Plaintiff's evidence was amply sufficient to support a finding by the court that while the instrument was, in form, a deed the parties intended it as a mortgage to secure a loan.

The judgment is affirmed.

COWAN, J., not participating.