No. 40,010

JOHN W. PARRACK, *Appellee,* v. GEORGE C. WITTMAN and LETHA WITTMAN, Co-Partners, doing business as WITTMAN APPLIANCE COMPANY, *Appellants.*

(302 P. 2d 1005)

Opinion filed November 3, 1956.

*Roy W. Cliborn,* of Mission, argued the cause, and was on the briefs for the appellants.

No appearance for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover commissions alleged to be due for the sale of merchandise under an oral contract of employment. From an order of the trial court overruling their demurrer to plantiff's petition, as amended, defendants appeal. Plaintiff did not appear in this court or make any attempt to defend the trial court's rulings on the questions presented. We do not approve of such action on the part of a prevailing party.

Summarizing the petition, as amended, it ·alleged defendants were partners in the merchandising business, and on December 15, 1953, plaintiff and defendants entered into an oral contract whereby plaintiff was to sell household appliances, furniture and merchandise supplied by defendants, and the parties were to divide the profits from sales made by plaintiff in the following manner: (1) On the resale of merchandise taken in as trade-ins, the profits should be divided after deducting costs of any repairs; (2) on cash sales of new merchandise made by plaintiff, the difference between the cost price, plus a $2 delivery charge, and the sales price was to be equally divided; and (3) on sales of new merchandise made on .a finance basis, the division of the profits was to be computed as in (2) above, except that from the amount to which plaintiff was entitled, there was to be deducted by defendants and placed in escrow a sum equal to five percent of the total amount financed, to be held for the credit of plaintiff upon the completion of the payment under the finance agreement. However, in the event of default on any such transactions, defendants had the right to withdraw from the escrow account the five percent withheld from plaintiff, and upon any resale of repossessed items, the profits were to be divided equally.

Pursuant to the contract, plaintiff sold many items of merchandise from December 15, 1953, to August 3, 1954. He made no complete record of accounts covering his sales, but alleged that he maintained an account of his sales from April to August 3, 1954, and the record of such sales was attached as an exhibit and made a part of the pleading. From the sales made by plaintiff under contract, he was entitled to approximately $3,200 as his share. Defendants paid at irregular intervals the amount of $1,916.86, leaving a balance due plaintiff the amount of $1,283.14. In addition to that amount, it was alleged defendants further withheld under the escrow provisions of the contract, and credit to which plaintiff was entitled, the amount of $400. During the mentioned period, defendants failed and refused to make an accounting with plaintiff as to the amount of money due him, or as to the amount withheld from his share of the proceeds under the escrow agreement; defendants maintained all books and records relating to the sales and transactions made by plaintiff, and plaintiff had no records pertaining to his sales made during the period December 15 to April 1, nor any records relating to the escrow agreement.

It is alleged that the records were in the possession and under the

control of the defendant, and plaintiff was entitled to a full, complete and accurate accounting by defendant of all sales made by plaintiff from December 15 to April 1, and a full accounting of all sales and credits under the escrow agreement, and that the facts relating to such sales and escrow account were peculiarly within the knowledge of defendants. Plaintiff prayed judgment accordingly.

In their brief, defendants devote much of their argument to the ground that the trial court should have sustained the various motions to make the petition and amended petition more definite and certain, and to separately state and number the causes of action. A motion to make definite and certain lies only when the pleading attacked is so indefinite and uncertain that the nature of the charge or defense is not apparent. (G. S. 1949, 60-741.) This does not mean indefinite and uncertain according to the refinements and technicalities of the common-law system of pleading. A pleading is sufficient as against a motion, which fairly apprises the adversary of what the claim or defense is. In the early days of the code, while the court still rested under the spell of the refinements and technicalities of the common-law system of pleading, the motion to make definite and certain was a formidable weapon, because definiteness and certainty then meant dividing between the north and northwest portions of a hair. The true meaning of the code expression, "so indefinite and uncertain that the nature of the charge or defense is not apparent," was not grasped. Now that pleadings are regarded according to their true purpose of fairly apprising the adversary of what the claim is to be, the function of the motion is much restricted. (*Republic County v. Guaranty Co.*, 96 Kan. 255, 150 Pac. 590; *Morris v. Dines Mining Co.*, 174 Kan. 216, 221, 256 P. 2d 129; *Gillen v. Stangle*, 175 Kan. 364, 264 P. 2d 1079.) Moreover, where the only purpose to make a petition definite and certain is to require plaintiff to plead his evidence, it should be overruled. (*Scott v. Shewell*, 100 Kan. 466, 164 Pac. 1061.) It is also the rule that an order of the trial court overruling motions to make a petition more definite and certain, and to separately state and number, rests in the sound discretion of the trial court, and from rulings thereon an appeal does not ordinarily lie, unless it appears a ruling prejudiced or will prejudice the substantial rights of a party. (G. S. 1949, 60-741 and 60-3317; *Sanders v. Visser*, 165 Kan. 336, 338, 194 P. 2d 511; *Nelson v. Schippel*, 143 Kan. 546, 56 P. 2d 469; *Lessley v. Kansas Power & Light Co.*, 171 Kan. 197, 201, 231 P. 2d 239.) We find no abuse of discretion in the instant case.

We have examined the petition, as amended, and find it fully apprises the defendants of plaintiff's claim and cause of action in ordinary, concise language, that it meets the requirements of G. S. 1949, 60-704, and the court did not err in overruling the various motions.

We now consider defendants' demurrer on the grounds that the petition, as amended, failed to state facts sufficient to constitute a cause of action, and that there were several causes of action improperly joined. An examination of the petition reveals there are sufficient facts alleged to state a cause of action for the recovery of commissions earned under the oral contract of employment. Plaintiff alleged he was entitled to receive $3,200 as such commissions; that defendants paid $1,916.86 on the commissions earned; that there was a balance due him of $1,283.14, and that he was entitled to $400 withheld under escrow agreement contracts. As more fully set forth in the petition, this was sufficient to state a cause of action. There is no misjoinder of causes of action. The substance of plaintiff's claim was to recover commissions under a contract. Assuming without deciding that the accounting prayed for is proper, so that the petition states a legal and equitable cause of action, it is not demurrable under our code, as long as the cause of action affects all the parties to the action. (G. S. 1949, 60-601.)

In *Barnsdall Refining Co. v. Iola City Oil & Supply Co.*, 137 Kan. 247, 249, 20 P. 2d 473, we held that a plaintiff may join causes of action both legal and equitable in the same petition whenever the causes of action affect all the parties to the action. (*Farney v. Hauser*, 109 Kan. 75, 198 Pac. 178; *Huey v. Starr*, 79 Kan. 781, 101 Pac. 1075.)

This appeal is limited solely to the sufficiency of plaintiff's petition, as amended, as against a demurrer. The issues have not been joined between the parties, and the plaintiff has had no opportunity to present his evidence to sustain his case. It appears from the argument contained in defendants' brief they are seeking to enlarge the scope of our review by having us prejudge matters which might or might not become material in determining the propriety or justice of the relief sought. This we cannot do. The extent of our power in the instant case is to determine whether a cause of action has been stated. (*Simmons v. Reynolds*, 179 Kan. 785, 788, 298 P. 2d 345.)

It follows that the court did not err in overruling defendants' demurrer to plaintiff's petition, as amended.

The judgment of the trial court is affirmed.