No. 41,437

Maria S. Vakas, Administratrix, *Appellee,* v. Ronald Collins, *Appellant,* and Lee Pyle, *Defendant.*

(340 P. 2d 99)

Opinion filed June 13, 1959.

*Kirke C. Veeder,* of Independence, argued the cause and was on the briefs for the appellant.

*T. Richard Liebert,* of Coffeyville, argued the cause, and *Frank W. Liebert,* of Coffeyville, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action by Maria S. Vakas, plaintiff (appellee), as administratrix of her deceased husband's estate, to recover damages for the wrongful death of her husband occasioned when his stalled automobile, in which he was an occupant, was struck by a vehicle being driven by Ronald Collins, defendant (appellant). The petition alleged concurrent negligence on the part of defendants, Ronald Collins and Lee Pyle. Pyle did not appeal and it is unnecessary to relate the portion of the petition applying to him. The sole question for review is whether the petition stated a cause of action against Collins.

The pertinent allegations of the amended petition stated that plaintiff's deceased husband was fatally injured and died intestate February 15, 1958, and that, as the duly appointed administratrix of his estate, she brought this action for the benefit of herself and their two children as the sole heirs.

Plaintiff further alleged that February 15, 1958, about 8:42 p. m., on a clear, dry night, on a straight, blacktop county highway, which ran north and south and was twenty-five feet and ten inches in width with shoulders twelve to eighteen inches wide, surfaced with a mixture of gravel and chat, at a location 1.5 miles south and three miles west of Coffeyville, in open country and outside any city limits, decedent occupied the driver's seat of his blue 1950 Buick four-door sedan, which was disabled and inoperative and standing in a diagonal position with the front of the vehicle facing southwest and the rear wheels thereof near or touching the east edge of the highway—the car's headlights and its red dome light were burning; that twenty feet south of decedent's automobile two twenty-feet-wide driveways ran, one from the east and one from the west, from an open field into the highway and the position of decedent's vehicle resulted from having been backed from the west driveway onto the highway, where it stalled and became inoperative; that the Buick was visible from the south for a distance of 1,231 feet to an automobile traveling north on the highway, and that 747 feet south of the point of impact the highway sloped upward to a crest of three feet, then sloped downward until 1,231 feet south of decedent's car it was at the same level as his vehicle. Plaintiff alleged further that opposite the Buick—the exact point unknown to her but well-known to defendants—defendant Lee

Pyle had parked a 1958 Mercury, facing south, on the pavement of the county road, which he had left unattended with its four headlights burning, two of them high beam; that at the time and under the circumstances above mentioned, defendant Ronald Collins, while driving his 1949 Ford two-door sedan north on the said county road, drove into decedent's automobile, thereby killing decedent.

Plaintiff further alleged that defendant Collins was guilty of negligence, in that he drove his automobile in a grossly wanton and negligent manner at sixty miles an hour, which was a speed greater than was reasonable and prudent under the existent conditions and in violation of G. S. 1957 Supp., 8-532, and without slowing or applying his brakes drove into decedent's automobile; and in that he failed to exercise due care under the circumstances in keeping a lookout ahead for vehicles in the roadway and in failing to slow and stop when he did not know into what object or objects he might be driving and in continuing to drive when he could not see clearly the road ahead, when he should have known a vehicle was stopped in the roadway ahead and persons might be in imminent peril if he continued to drive at said speed, and such acts were gross and wanton and constituted an utter disregard for the safety of others on the highway. It was further alleged that defendant Collins, at a time prior to the collision, saw, or by the exercise of reasonable care should have seen, decedent's disabled automobile at the scene of the collision in a position of imminent peril of being struck by defendant's automobile in time, by the exercise of ordinary care and with the means at hand and with reasonable safety to defendant's automobile, to have slackened his speed and to have either turned off into the side drive on the east of said road or driven around decedent's automobile or stopped, and that by doing any one of the above acts defendant Collins could have avoided the collision with decedent's automobile and his resulting death, but that defendant Collins negligently failed to take the last clear chance to avoid said collision, which resulted in decedent's death.

Defendant Collins separately demurred to plaintiff's amended petition on the grounds that it did not state facts sufficient to constitute a cause of action or facts disclosing plaintiff was entitled to recover against defendant, and that it did not allege facts in ordinary and concise language and upon a distinct and definite

legal theory which entitled plaintiff to recover against defendant. From an order overruling this demurrer, Collins appeals and, under G. S. 1957 Supp., 60-3314a, seeks a review of the trial court's order overruling in part his motions to make definite and certain and to strike certain allegations of the original petition. We have examined the motions and find them to be without merit.

It has been the rule of this court for, such a long time it is now so elementary it should need no further reiteration that a motion to make definite and certain lies only when the pleading attacked is so indefinite and uncertain that the nature of the charge or defense is not apparent (G. S. 1949, 60-741). This does not mean indefinite and uncertain according to the refinements and technicalities of the common-law system of pleading, and a pleading which fairly apprises the adversary of the nature of the claim or defense suffices against the motion. Where the only purpose of a motion to make a petition definite and certain is to require a plaintiff to plead his evidence or to plead defendant's contemplated defense, it should be overruled. The function of a motion to make a petition definite and certain is not to compel a plaintiff to allege facts which a defendant believes constitute a defense to the action. (*Clark v. Myers*, 173 Kan. 96, 244 P. 2d 217.) If he has a defense, it is his duty to set up such defense in his answer. Moreover, we have consistently held that motions to make definite and certain and to strike rest in the sound discretion of the trial court (G. S. 1949, 60-741), and an appeal does not ordinarily lie from rulings thereon. Unless it appears the ruling prejudiced or will prejudice the substantial rights of a party, it will not be reversed. All of these matters were recently dealt with in *Marshall v. Duncan*, 182 Kan. 540, 543, 544, 322 P. 2d 762, and this court adheres to the decision and the authorities therein cited. (See also *Parrack v. Wittman*, 180 Kan. 193, 302 P. 2d 1005.)

We have examined plaintiff's original petition and defendant's motions lodged thereto and find the petition fully apprised defendant of plaintiff's claim and cause of action and met the requirements of G. S. 1949, 60-704 pertaining to the contents of a petition. The trial court did not err in overruling defendant's motions.

The defendant's motions being wholly without merit, plaintiff's amended petition is entitled to a liberal construction and will be so considered in determining whether defendant's demurrer thereto was properly overruled. Defendant's argument, in substance, is

that the petition as amended was not drawn on a distinct and definite legal theory but combined allegations of general or common-law negligence against defendant with allegations of concurrent negligence, that it then endeavored to invoke and allege against defendant the doctrine of last clear chance and was therefore demurrable.

We have repeatedly held, and most recently in *Gibbs v. Mikesell,* 183 Kan. 123, 325 P. 2d 359, where an extensive review of our cases may be found, that a plaintiff may plead in his petition a cause of action on the ground of ordinary negligence and may also plead in the alternative a cause of action which states facts involving the doctrine of last clear chance, and he may recover under whichever aspect proof of the case may show. When the plaintiff in an action has two or more distinct reasons for obtaining the relief sought, or when there is more or less uncertainty as to the grounds of recovery or as to the exigencies of proof, the petition may set forth a single claim in more than one cause of action. The pleader may state his case in as many ways as he sees fit in separate causes of action in the alternative to meet any possible phase of the evidence.

In *Crabb v. Swindler, Administratrix,* 184 Kan. 501, 337 P. 2d 986, and cases therein cited, we stated that while good practice requires the plaintiff's initial pleading to proceed on a single and definite theory, under modern code systems the pleading may be held sufficient if it states a cause of action on any theory.

In *Kloepfer v. Chicago, Rock Island & Pacific Rld. Co.,* 174 Kan. 96, 101, 102, 254 P. 2d 243, we held, in referring to rules of pleading with respect to ordinary negligence and last clear chance, that it is stated generally the plaintiff may plead both ordinary negligence and a state of facts invoking the last clear chance rule, and he may recover under whichever aspect the proof of the case shows. Moreover, it is stated that plaintiff, although not fully pleading facts warranting application of the last clear chance doctrine, may nevertheless rely thereon, especially if his incomplete allegations are sufficient to inform the defendant of his intention so to do.

Defendant contends that the petition disclosed the deceased was guilty of contributory negligence as a matter of law, thereby barring the plaintiff from recovering therein. We have held that ordinarily, and in the absence of convincing evidence to the contrary, it will be presumed a deceased person exercised reasonable care for his own safety. It cannot be said that the deceased was guilty of

contributory negligence as a matter of law. (*Drake v. Moore*, 184 Kan. 309, 314, 336 P. 2d 807, and cases cited therein.)

No further comment is necessary other than that the petition stated a cause of action in favor of the plaintiff and against the defendant, and it did not show the decedent guilty of contributory negligence as a matter of law. This appears to be purely a fact case, where issues should be joined and the case ordered to trial on its merits. The judgment of the trial court is affirmed.

It is so ordered.