No. 41,853

LIBERTY GLASS COMPANY, *Appellee,* v. W. J. BATH and LOUISE G. BATH, d/b/a DR. PEPPER BOTTLING CO., *Defendants;* W. J. BATH, *Appellant.*

(353 P. 2d 786)

Opinion filed July 2, 1960.

*Charles S. Arthur,* of Manhattan, argued the cause, and *Charles D. Green,* also of Manhattan, was with him on the briefs for the appellant.

*John F. Stites,* of Manhattan, argued the cause, and *Richard D. Rogers,* also of Manhattan, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for recovery of the purchase price of certain merchandise sold defendants. Judgment was entered for plaintiff against both defendants. Defendant W. J. Bath appeals.

The Liberty Glass Company, a corporation, plaintiff (appellee), alleged in its amended petition that Louise G. Bath and W. J. Bath, defendants, were husband and wife at all times stated therein and were engaged at such times as partners in business at Manhattan under the name of the Dr. Pepper Bottling Co., or, in the alternative, that Louise G. Bath was the agent of W. J. Bath (appellant) in the mentioned business; that January 26, 1956 Louise purchased an order of Dr. Pepper bottles and an order of Squirt bottles, and on April 2, 1956 purchased an order of Dr. Pepper

bottles, which orders were delivered to defendants at Manhattan, and that by reason thereof they were indebted to plaintiff in the sum of $5,962.01, for which it asked judgment.

Defendant W. J. Bath's answer denied generally plaintiff's allegations and expressly denied that a partnership had existed or did exist between him and Louise, or that she was his agent. Plaintiff replied by way of a general denial.

On the issues thus joined, a jury was waived and trial was had to the court. At the conclusion of the evidence the trial court found that the Dr. Pepper Bottling Company in Manhattan was a copartnership composed of W. J. and Louise G. Bath, and entered judgment against the partners for the amount due plaintiff. From an order of the trial court overruling his motion for a new trial, defendant W. J. Bath appeals and contends, among other things, that the evidence was insufficient to sustain the finding that a partnership existed. This contention requires a brief review of the voluminous evidence contained in the record.

Defendants W. J. and Louise G. Bath were husband and wife and, during their marriage, owned the Dr. Pepper bottling plant at Manhattan, purchased in 1943, and the one at Independence. Mr. Bath testified that he had purchased bottles from plaintiff for over forty years and did business with them at both plants; that he and Louise both owned the Manhattan plant. Marital trouble arose between defendants, as a result of which Mr. Bath left Manhattan in the spring of 1955. He continued to operate the Independence plant, while his wife, Louise, managed the Manhattan plant. Mr. Bath, as in the past, received revenue from the Manhattan plant and participated in its operation. During the year of 1956, papers and documents were sent to him from the Manhattan plant for his signature. Louise testified that she ordered the Dr. Pepper and Squirt bottles from plaintiff January 26 and April 2, 1956, and that the undisputed amount of $5,962.01 was due plaintiff. The Manhattan plant purchased a franchise for bottling and selling Squirt and the contract was entered into by the defendants and signed by Mr. Bath March 24, 1956. The acceptance of the contract was signed by the president of The Squirt Company April 9, 1956.

Titles to some of the Manhattan plant's trucks were in Mr. Bath's name alone. He signed some truck registration slips in 1956 and these trucks were in his name until transferred by the court at the

divorce hearing in October, 1956. Papers and documents were sent to him in 1956 for his signature, and he signed them and sent them back to Manhattan. Mr. Bath testified that he and Louise had "the whole thing together"; that until the time of signing the Squirt franchise, the Dr. Pepper franchise was entirely in his name. Out of the operation of the Manhattan plant, Louise sent Mr. Bath $4,000 in 1955. Business at the plant was poor in 1956, and at the time of the signing of the Squirt contract Mr. Bath sent Louise $1,600 for the purpose of purchasing Squirt bottles.

On September 12, 1956, the defendants, in the then pending divorce action, entered into a written contract, wherein they agreed to settle all their property rights so that each would be free from any claim of the other and each would be entitled to his or her individual earnings, free from any rights of the other. The agreement provided that the Manhattan plant was to be transferred to Louise and the Independence plant was to become the sole property of Mr. Bath. The divorce was subsequently granted in October, 1956. No useful purpose would be gained in narrating additional evidence found in the record.

Defendant contends that judgment should have been entered in his favor upon the evidence. It cannot be claimed that there was a failure of evidence to support the general finding of the trial judge. Therefore, we cannot disturb the judgment, even if it were to be said that the finding of the trial judge was against the weight or preponderance of the evidence. The testimony presented was amply sufficient to support the trial court's judgment in favor of the plaintiff. Testimony on paper is not like testimony from the lips, and when the trial judge hears the living voices and sees the witnesses who testify, believes one and disbelieves others, we cannot decide that the judge, having better opportunities than we, should have believed and found the other way. Where a cause is tried before a district judge without a jury, upon oral testimony, the trial judge, and not this court on appellate review, if sufficient evidence is offered to support the judgment, must decide as to the credibility of the witnesses and the weight of their testimony. (*Donaldson v. Everhart*, 50 Kan. 718, 32 Pac. 405.) Suffice it to say, there was ample evidence to support the trial court's finding that there existed a partnership between defendants in the Manhattan plant.

Defendant W. J. Bath complains that the trial court erred in overruling his motion to make the petition definite and certain and

to strike. It is well settled in this state that a motion to make definite and certain and to strike rests in the sound discretion of the trial court. (G. S. 1949, 60-740 and 60-741; *Marshall v. Duncan*, 182 Kan. 540, 543, 322 P. 2d 762; *Vakas, Administratrix v. Collins*, 185 Kan. 103, 106, 340 P. 2d 99.) The function of a motion to make a petition definite and certain is not to compel a plaintiff to allege facts which a defendant believes constitute a defense to the action. If he has a defense, it is his duty to set up such a defense in his answer. (*Vakas, Administratrix v. Collins*, supra; *Parrack v. Wittman*, 180 Kan. 193, 302 P. 2d 1005.) The trial court did not err in overruling defendant's motion.

Defendant Bath next contends that the lower court erred in overruling his demurrer to the amended petition for the reason that the petition was not framed on a distinct and definite theory. While good practices require the plaintiff's initial pleading to proceed on a single and definite theory, under modern code systems the pleading will be held sufficient if it states a cause of action on any theory. (*Shirk v. Shirk*, 186 Kan. 32, 35, 348 P. 2d 840.) We are of the opinion that under G. S. 1949, 60-736 the petition met the requirements of G. S. 1949, 60-704 and, without doubt, stated a cause of action against the defendant for the recovery of money, and that his demurrer was properly overruled.

Defendant Bath next contends that the trial court erred in overruling his demurrer to plaintiff's evidence. It has been a long-standing rule of this court that where defendant's demurrer to plaintiff's evidence is overruled and defendant elects to introduce evidence on his own behalf, the question of whether the case should be submitted to the jury at the close of all the evidence depends upon a consideration of all the evidence produced by the parties. Under such circumstances, defendant must again raise the sufficiency of the evidence by a motion for a directed verdict or be deemed to have waived the sufficiency of plaintiff's evidence as raised by his former demurrer. (*Ziegelasch v. Durr*, 183 Kan. 233, 326 P. 2d 295; *Ogilvie v. Mangels*, 183 Kan. 733, 332 P. 2d 581.) Defendant, having failed to move for a directed verdict at the close of all the evidence, waived the sufficiency of plaintiff's evidence.

Other questions raised by defendant W. J. Bath have been considered and found to be without merit. The judgment of the trial court is affirmed.

It is so ordered.